OPINION
Appellant, Jeffrey G. Payne, appeals his conviction issued by the Lake County Court of Common Pleas, finding him guilty of driving under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1), a felony of the fourth degree.
On December 30, 1995, at approximately 11:00 p.m., Sergeant Kenneth Voytacky of the Village of Timberlake Police Department was on routine traffic enforcement duty in the Village of Timberlake, Ohio. While running laser radar from a stationary position on Lakeshore Boulevard, he clocked appellant's vehicle traveling forty-eight m.p.h. in a thirty-five m.p.h. zone. When Sergeant Voytacky stopped appellant to issue him a speeding ticket, appellant was unable to present a driver's license or any form of identification.
Sergeant Voytacky noticed that appellant spoke in a slow, halted manner and appellant's eyes were glassy. At that point, Sergeant Voytacky asked appellant to step to the rear of his vehicle. As appellant walked to the rear of his vehicle, he used the vehicle for support and his balance was poor. Sergeant Voytacky then administered a standard battery of field sobriety tests, including the one-legged stand, the alphabet test, and the finger-to-nose test. Appellant performed poorly on all three.
After speaking to the dispatcher at the Eastlake Police Department, Sergeant Voytacky discovered that appellant was driving under suspension. He then arrested appellant for driving under the influence of alcohol and driving under suspension. When placing appellant in the back of the cruiser, Sergeant Voytacky noticed a moderate odor of alcohol. Appellant was transported to the Eastlake Police Department where he refused to submit to a breathalyzer test.
On May 9, 1997, appellant was indicted by the Lake County Grand Jury on one count of operating a motor vehicle while under the influence of alcohol and/or drugs, in violation of R.C.4511.19, a felony of the fourth degree. Pursuant to R.C.4511.99(A)(4)(a), appellant was indicted for felony OMVI due to the existence of three prior convictions for driving while under the influence within the last six years.
On June 20, 1997, appellant filed a motion requesting that the trial judge determine the existence of his prior convictions, alleged in the indictment, at sentencing. Appellant offered to stipulate to the existence of the prior convictions and requested that the court, prosecutor and witnesses refrain from mentioning the name and nature of the prior convictions to the jury. On June 25, 1997, appellant filed a motion to suppress any physical or testimonial evidence obtained by the Timberlake Police Department. On July 23, 1997, the trial court denied appellant's motion to suppress.
A jury trial commenced on September 4, 1997, and the trial court allowed the prosecution to introduce evidence of appellant's prior convictions. On September 5, 1997, the jury returned a verdict of guilty to the charge in the indictment. Appellant was sentenced accordingly on October 8, 1997. From this judgment, appellant filed a timely notice of appeal setting forth the following assignments of error:
 "[1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT ALLOWED THE PROSECUTION TO INTRODUCE EVIDENCE OF DEFENDANT-APPELLANT'S PRIOR CONVICTIONS, WHEN DEFENDANT APPELLANT OFFERED TO CONCEDE THE PRIOR JUDGMENTS AND ADMIT THE FULL JUDGMENT RECORD."
 "[2.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED DEFENSE COUNSEL'S JURY INSTRUCTION THAT DRIVING UNDER SUSPENSION COULD NOT BE USED TO PROVE THAT DEFENDANT-APPELLANT WAS DRIVING WHILE UNDER THE INFLUENCE."
 "[3.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS, FINDING THAT THE OFFICER HAD PROBABLE CAUSE TO FURTHER DETAIN THE DEFENDANT ONCE A TRAFFIC CITATION HAD BEEN ISSUED."
 "[4.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FOUND THE DEFENDANT-APPELLANT "GUILTY" AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant alleges that the trial court erred by allowing the prosecution to introduce evidence of judgment entries of appellant's prior DUI convictions when he offered to stipulate to their existence. Appellant contends that his offer to stipulate to the existence of prior DUI convictions rendered evidence of the name and nature of the offenses inadmissible under Evid.R. 403, because unfair prejudice from that evidence substantially outweighed its probative value.
A trial court has broad discretion when weighing the probative value of evidence against the danger of unfair prejudice pursuant to Evid.R. 403(A). State v. Allen (1995), 73 Ohio St.3d 626,633, 653 N.E.2d 675. Thus, a reviewing court will not reverse a trial court's decision to admit or exclude evidence, under Evid.R. 403(A), absent an abuse of discretion. Id. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
A violation of R.C. 4511.19(A), driving under the influence, is generally a first degree misdemeanor. R.C. 4511.99(A)(1) to (A)(3). If, however, a defendant has previously been convicted of, or pleaded guilty, to three or more violations of R.C.4511.19(A) within six years of the offense, R.C. 4511.99(A)(4)(a) provides that the offense is a fourth degree felony. Appellant's prior convictions elevate the degree of the offense; therefore, these prior convictions are essential elements of the offense.State v. Gordon (1971), 28 Ohio St.2d 45, 48, 276 N.E.2d 243.
"The state must be put to its proof regarding the identity of the accused in the prior offense[s] and must demonstrate the fact of such prior offense[s] beyond a reasonable doubt." Id. "Here, the prior offense is an essential element of the crime charged. Thus, its use is not only proper but required." State v. Smith
(1990), 68 Ohio App.3d 692, 695, 589 N.E.2d 454. The trial court did not abuse its discretion by refusing to accept appellant's stipulation and allowing the prosecution to present evidence of appellant's prior convictions.
Appellant argues that a recent United States Supreme Court decision, Old Chief v. U.S. (1997), 519 U.S. 172, 117 S.Ct. 644,136 L.Ed.2d 574, changes this result. We do not agree. In OldChief, the U.S. Supreme Court held that a trial court had abused its discretion by rejecting a stipulation that the defendant had committed an offense punishable by imprisonment of more than one year and allowing the prosecution to present the judgment entry of defendant's prior conviction for assault causing bodily injury. Old Chief, 117 S. Ct. at 647.
The instant case is distinguisable from Old Chief. In OldChief, the defendant was charged with assault with a dangerous weapon and a violation of 18 U.S.C. § 922(6)(1), which makes it unlawful for anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year [to] possess * * * any firearm." Id. The U.S. Supreme Court found that the judgment entry should have been excluded pursuant to Evid.R.403 because the minimal probative value of the judgment entry was substantially outweighed by the danger of unfair prejudice. Id. at 655. The Court reasoned that:
 "[t]he issue is not whether concrete details of the prior crime should come to the jurors' attention but whether the name or general character of that crime is to be disclosed. Congress, however, has made it plain that distinctions among generic felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute. `A defendant falls within the category simply by virtue of past conviction for any [qualifying] crime ranging from possession of short lobsters, [citation omitted], to the most aggravated murder.' [Citation omitted]. The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun." Id.
The Court found that the defendant's stipulation provided the jury with conclusive evidence of the prior conviction element. Id. at 653.
In the instant case, pursuant to R.C. 4511.99(A)(4)(a), the prosecution was required to prove beyond a reasonable doubt that appellant had three or more prior driving while under the influence convictions. Appellant asked that the jury not hear the name and nature of his prior convictions. If the trial court had accepted appellant's stipulation, the jury would not have known that appellant had three or more convictions for driving under the influence. Unlike the federal statute in Old Chief, evidence concerning the name and nature of appellant's prior convictions was necessary in order for the jury to find appellant guilty of the charged offense.
In State v. Henton (1997), 121 Ohio App.3d 501, we held that the trial court committed reversible error when it rejected Henton's offer to stipulate to one prior felony drug abuse conviction and allowed the prosecution to present evidence of his two prior drug convictions to prove the element of the offense that requires proof of one prior felony drug abuse conviction. This case is distinguishable from Henton because Henton acknowledged that the state was required to prove the existence of one prior felony drug abuse conviction as an element of the offense charged; Henton merely requested that the trial court prohibit the state from introducing evidence of a second felony drug abuse conviction because the second conviction was not necessary to prove an element of the charged offense. In the instant case, appellant did not acknowledge that the state is required to prove that he had three or more prior DUI convictions within the last six years as an element of the offense charged. Appellant's first assignment of error has no merit.
In his second assignment of error, appellant alleges that the trial court abused its discretion by refusing to give appellant's proposed jury instruction that driving while under suspension could not be used to prove that appellant was driving while under the influence.
"Generally, a requested special instruction to the jury must be included, at least in substance, in the general charge if it is correct, pertinent, and timely presented." State v. Slipcevic
(Dec. 8, 1995), Ashtabula App. No. 94-A-0061, unreported,1995 Ohio App. LEXIS 5422, citing State v. Guster (1981), 66 Ohio St.2d 266,269, 421 N.E.2d 157. The trial court's decision not to give a particular instruction will be upheld absent an abuse of discretion. State v. Santine (June 26, 1998), Ashtabula App. No. 97-A-0025, unreported, 1998 Ohio App. LEXIS 2936. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore, 5 Ohio St.3d at 219.
Appellant asked that the trial court instruct the jury that it should not consider the fact that appellant was driving while under suspension as evidence that he was driving while under the influence of alcohol. This proposed instruction was pertinent in this case because the jury could reach the improper conclusion that because appellant was driving while under suspension, he was more prone to commit other illegal acts, such as driving while under the influence.
Because the proposed jury instruction was correct, pertinent, and timely presented, the trial court should have given the instruction. The trial court abused its discretion by refusing to give appellant's proposed jury instruction. Although the ruling was inappropriate, the trial court's error is harmless. The proposed instruction would not have made a difference in the outcome of the trial because the jury had more than enough evidence to find appellant guilty of driving while under the influence; therefore; the second assignment is overruled.
In his third assignment of error, appellant alleges that the trial court erred by denying appellant's motion to suppress. Appellant argues that the trial court should have suppressed all evidence gathered by the Village of Timberlake Police Department, because Sergeant Voytacky violated his Fourth Amendment rights by further detaining him, after the initial traffic stop, when there was no probable cause or articulable facts pointing to his intoxication. Appellant contends that speeding alone, without other erratic driving, does not justify further detention, after the initial traffic stop. Appellant's contention is subject to qualification.
 "Once the officer has stopped the vehicle for some minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts, such as where there are clear symptoms that the detainee is intoxicated."
State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported, 1996 Ohio App. LEXIS 3361.
Furthermore, a police officer does not need probable cause before conducting field sobriety tests; an officer may request that an individual submit to field sobriety tests after an initial stop if the officer has reasonable suspicion of criminal activity, supported by specific and articulable facts, based upon a totality of the circumstances. Columbus v. Anderson (1991), 74 Ohio App.3d 768,770, 600 N.E.2d 712.
In this case, after Sergeant Voytacky stopped appellant for speeding, he noticed that appellant's eyes were glassy and his speech was slow and halted. Both glassy eyes and overly deliberate speech are indicia of intoxication. See State v. Evans
(March 27, 1998), Geauga App. No. 97-G-2069, unreported,1998 Ohio App. LEXIS 1271. He then asked appellant to step to the rear of his car.
According to Ohio law, a police officer may order a motorist to get out of a lawfully stopped vehicle without any suspicion of criminal wrongdoing. State v. Evans (1993), 67 Ohio St.3d 405,408, 618 N.E.2d 162. As appellant walked to the rear of his vehicle, he used the vehicle for support and his balance was poor. Lack of coordination and poor balance are further indicia of intoxication. Id. Appellant's glassy eyes and speech pattern, combined with his lack of coordination, gave Sergeant Voytacky reasonable suspicion, supported by articulable facts, to request that appellant submit to field sobriety tests. The trial court did not err by denying appellant's motion to suppress. Appellant's third assignment of error has no merit.
In his fourth assignment of error, appellant alleges that the verdict, finding him guilty of driving while under the influence of alcohol, was against the manifest weight of the evidence. The test to determine whether a jury verdict in a criminal case is against the manifest weight of the evidence is as follows:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction."
State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. "When reviewing questions of weight, the role of an appellate court is to engage in a limited weighing of the evidence adduced at trial in order to determine whether the state appropriately carried its burden of persuasion." State v.Patterson (May 22, 1998), Trumbull App. No. 96-T-5439, unreported,1998 Ohio App. LEXIS 2289.
After reviewing the entire record, we do not believe that the verdict is against the manifest weight of the evidence. Sergeant Voytacky testified that appellant had glassy eyes, slow speech, poor balance, and failed all three field sobriety tests. Although appellant's testimony presented an excuse for all his symptoms, the jury did not find it credible. We do not conclude that the jury lost its way or created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered.
Appellant's fourth assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. _______________________________ JUDGE ROBERT A. NADER
FORD, P.J.,
CHRISTLEY, J., concur.