**CITY OF COLUMBUS, Appellee,**

v.

**ANDERSON, Appellant.**

[Cite as *Columbus v. Anderson* (1991), 74 Ohio App.3d 768.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1013.

Decided July 16, 1991.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, *Thomas K. Lindsey* and *Brenda J. Keltner,* for appellee.

*Fry & Waller Co., L.P.A.,* and *Barry A. Waller,* for appellant.

KLINE, Judge.

Wayne S. Anderson, defendant-appellant, was charged with two counts of operating a motor vehicle under the influence of alcohol, both from the same incident, as well as speeding. Appellant filed a motion to suppress evidence including the results of the field sobriety and breath tests on the basis that there was a lack of probable cause. The trial court overruled this motion. Later, appellant entered a plea of no contest to the *per se* violation. Columbus City Code 2133.01(B)(2). The trial court found him guilty. Appellant appeals this decision and asserts the following three assignments of error:

"I. The trial court erred when it overruled appellant's motion to suppress the results of the chemical test and the field sobriety tests.

"II. The trial court erred in admitting evidence of the Horizontal Nystagmus test.

"III. The trial court erred in prohibiting appellant from conducting a full cross-examination of the arresting officer."

In the early morning hours of February 24, 1990, Columbus city police officer Jerry Webb stopped appellant on State Route 315 for going seventy-two miles per hour in a fifty-five mile per hour zone. Appellant exited his vehicle and approached the officer. Upon contact with the appellant, the officer noticed a moderate odor of alcohol about his person.

Due to the time of day and the odor of alcohol, the officer conducted field sobriety tests. The officer considered appellant's performance on the "one-legged stand" test to be "marginal" since appellant "was swaying or wobbling." Appellant swayed slightly during the walk-and-turn test. Appellant performed the finger-to-nose test well, but did not follow instructions. The officer noted that appellant's eyes were glassy and bloodshot. Appellant was unable to recite the alphabet on his first attempt. Overall, the officer described appellant's ability to follow instructions as "poor."

The officer performed the Horizontal Gaze Nystagmus ("HGN") test on appellant. The officer testified regarding the three types of nystagmus, the three-day course on HGN he had taken, and the manner in which he performs the HGN test in the field. The officer testified that appellant exhibited nystagmus for each eye in all three positions, scoring a total of six points out of six possible points on the test.

The officer then arrested appellant for operating a motor vehicle under the influence of alcohol. Subsequent to appellant's arrest, he submitted to a breath test, the results of which were 0.116.

In his first assignment of error, appellant asserts that there was no probable cause for the officer to conduct field sobriety tests and, consequently, that the results should have been suppressed.

■ Probable cause is not needed before an officer conducts field sobriety tests. Reasonable suspicion of criminal activity is all that is required to support further investigation. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.

■ In the present case, the officer's conduct was proper. The speed of appellant's vehicle, the moderate odor of alcoholic beverage, and the time of day provided sufficient grounds for the officer to have a reasonable suspicion which warranted further investigation. Hence, the trial court properly allowed the results of the field sobriety tests to be admitted into evidence.

■ Appellant next asserts that there was no probable cause for his arrest and that the results of the chemical test should have been suppressed. However, the facts in the case *sub judice* show that the arresting officer did have probable cause to arrest the appellant for operating a motor vehicle while under the influence of alcohol. Several factors established probable

cause to arrest appellant for OMVI: the initial speeding violation, the moderate odor of alcohol about appellant, the time of day, appellant's "marginal" performance on the "one-legged stand" test, appellant's failure to follow instructions, appellant's failure to recite the alphabet correctly the first time, appellant's glassy and bloodshot eyes, and appellant's score on the HGN test. After appellant's arrest for OMVI, the officer properly requested appellant to take a breathalyzer test.

This case is distinguishable from *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481. The trial court in *Taylor* suppressed the breathalyzer and urine tests for the reason that nominal speeding plus the odor of alcohol *and nothing more,* did not establish probable cause to arrest someone for driving under the influence of alcohol. *Id.* at 198, 3 OBR at 225, 444 N.E.2d at 482. Field sobriety tests were not conducted in *Taylor.* Here, the field sobriety test results established additional evidence. Moreover, the test results included observations which the officer could have made before administering the tests, including glassy and bloodshot eyes.

Appellant strongly contends that the trial court found there was not probable cause for the officer to arrest him for OMVI. The appellant bases his contention on the following statement of the trial court:

"In my viewing of the video and looking at the testimony, I did not, in and of myself, perceive that there was sufficient evidence with which to necessarily charge the defendant with—or to effect an arrest of the defendant for operating a motor vehicle while under the influence."

However, the trial court overruled the motion to suppress and stated:

" * * * I think what I have got to do is review the evidence presented to me and the testimony of the officer concerning what his perceptions were at the scene and what he based his decision on to effect the arrest. And if I do that, based upon the testimony of the officer and viewing the videotape, I would have to overrule the defendant's motion for suppression in that the officer based his decision on a moderate odor of alcoholic beverage and the performance of the defendant on the field sobriety tests at the scene."

The United States Supreme Court has indicated that probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent man in believing that the suspect had committed an offense. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145.

In the case *sub judice,* the trial court was applying the *Beck* standard. The test is not the facts and circumstances within the trial court's knowledge, but the facts and circumstances within the officer's knowledge. Accordingly, we

are not persuaded that the latter statement of the court indicated that the court found no probable cause. Hence, the trial court properly overruled the motion to suppress.

Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the testimony regarding the HGN test should not have been admitted into evidence since there was no evidence of the scientific basis for the HGN test.

■ Evidence of the scientific principles which underlie and support the validity of the HGN test is not a prerequisite to the admission of the test results. In *State v. Bresson* (1990), 51 Ohio St.3d 123, 128, 554 N.E.2d 1330, 1334, the court addressed this issue and found "that the HGN test has been shown to be a reliable indicator of BAC levels," and that expert testimony establishing the validity of the test was not a requirement for admission of the results into evidence. The trial court in the present case properly admitted the HGN test results without testimony from an expert establishing the test's scientific foundation.

■ Appellant further argues that even if an expert does not have to testify, the trial court still should not have admitted the HGN test results into evidence since the officer did not testify as to the actual technique that he used. In *Bresson*, the court ruled that " * * * results of this [HGN] test are admissible so long as the proper foundation has been shown both as to the officer's training and ability to administer the test *and as to the actual technique used by the officer* in administering the test." (Emphasis added.) *Id.*

In the present case, the officer testified that he stood three or four feet from appellant and held a pen approximately fifteen inches in front of appellant's nose. In addition, a videotape was shown which included the actual technique used by the officer in administering the HGN test to appellant. The videotape showed that the officer did the following: (1) explained that appellant needed to put his hands on the side of his face and demonstrated how; (2) asked the appellant if he had ever heard of gaze nystagmus and told him he was going to check him for that; (3) explained why appellant's hands needed to be on the side of his head and demonstrated that his head was not to move; (4) explained that he would move a pen back and forth in front of his eyes and that appellant should follow the pen with his eyes, and asked if appellant understood; (5) asked appellant if he saw the silver part of the pen and told him to just follow it with his eyes; (6) explained that following instructions is part of the sobriety test (after appellant moved his head to follow the pen); (7) repeated the reason that appellant needed to

have his hands on the sides of his face, demonstrated how not to do it, and restated that appellant was to follow the pen with his eyes; (8) asked if appellant saw the silver part of the pen; (9) told appellant to follow it as best he could; (10) performed the test (by moving a pen back and forth in front of appellant's eyes); and (11) told appellant he could put his hands down (at the conclusion of the test).

What is unique about this case is that a videotape was used. Appellant is correct that the officer did not testify as to all the actual techniques used in this case. However, *Bresson* requires only that the record establish what the actual technique used in administering the test was. The videotape was part of the record. While the officer did not talk much during the actual perform-ance of the test, the videotape shows the exact technique he used. The videotape, along with the officer's testimony, establishes the proper founda-tion as to the actual technique which the officer used in administering the test. Hence, the foundational requirement that the record contain evidence of the actual technique used has been met.

Accordingly, appellant's second assignment of error is overruled.

■ In his third assignment of error, appellant contends that the trial court erred when it prohibited him from conducting a full cross-examination of the arresting officer. This alleged error stems from the following exchange:

"Q. [MR. WALLER]: Isn't it true that later in the evening, Officer, you told Dr. Anderson that but for the horizontal gaze nystagmus test, you wouldn't have arrested him for OMVI?

"MS. KELTNER: Objection, Your Honor; probable cause hearing regard-ing what occurred before the arrest.

"MR. WALLER: Goes to the officer's determination of what he believed there was probable cause to arrest for and how he arrived at that—

"THE COURT: I'm going to sustain the objection. * * * "

Appellant claims on appeal that he had been attempting to ascertain the officer's credibility and that by sustaining the objection to that line of questioning, the trial court denied him a fair hearing and his due process right to confront witnesses against him.

Pertinent to the resolution of this assignment of error is paragraph three of the syllabus of *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545:

"It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of

the syllabus of *State v. Glaros* [ (1960) ], 170 Ohio St. 471 [11 O.O.2d 215, 166 N.E.2d 379], approved and followed.)"

We question whether appellant sufficiently informed the trial court that the purpose of his disputed cross-examination was to test the officer's credibility and, hence, whether the issue is appropriately before this court. However, even if in the trial court appellant properly defined the asserted error, we are unable to find prejudicial error under the evidence herein in the context of the test discussed in appellant's first assignment of error.

Accordingly, appellant's third assignment of error is overruled.

Appellant's three assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Common Pleas Court, sitting by assignment.