**The STATE of Ohio**

v.

**McFADDEN.** ■

Hamilton County Municipal Court.

No. C96-TRC-11209A/B/C.

Decided Dec. 31, 1996.

*Pamela J. Sears,* Assistant Prosecuting Attorney, for plaintiff.

*James M. Looker,* for defendant.

NADINE ALLEN, Judge.

On August 5, November 5, and November 20, 1996, this matter came on for hearing on a motion to suppress the evidence. Defense counsel has challenged the constitutionality of the charges of speeding and driving under the influence, in violation of R.C. 4511.21 and 4511.19, respectively. Specifically, defendant, Donald E. McFadden, challenges the issues of the legality of the "stop, the arrest, circumstances under which the test was taken, and the validity of the batch solutions."

## Findings of Fact

On March 3, 1996, a police officer observed defendant speeding in excess of fifty mph in a thirty-five mph zone. The officer stopped defendant's vehicle and asked for his license. The defendant was observed passing over his license three times while shuffling through his papers. The officer also noticed a strong odor of alcohol about defendant's person, bloodshot eyes, and slurred speech. The defendant failed the horizontal gaze nystagmus test and failed other field tests to determine sobriety. After that, defendant was arrested for DUI and transported to the police station. The *Miranda* rights and implied-consent procedures were properly conducted, according to stipulation. Also, the parties stipulated to all other procedures except those regarding the batch solution for calibration of the breath-alcohol analyzer employed herein.

Basically, there were two certificates of approval on the batch solution involved herein. The first one, State's Exhibit 2, was issued on February 16, 1996, and states that the solution contains 1.21, *plus or minus two percent* mg/mL ethyl alcohol, which, when used properly, produces a target value of .100 g/210L, plus or minus .005 percent. The second certificate is marked "corrected 2–29–96," and replaces the certificate issued on February 16, 1996. This corrected copy deletes the language "plus or minus 2%," as a clerical error.

An expert and Chief of Toxicology for the Ohio Department of Health stated that the target value of .100 is the result that the senior operator is looking for in a calibration test.

Between February 16, 1996 and February 29, 1996, the expert supervised the protocol for the same batch solution used in the original certificate and in the corrected certificate issued on February 29, 1996. According to the expert, the plus or minus two percent does not change the target value of the solution.

The defense counsel claims that the original certificate is therefore defective on its face. However, this court finds that it was a mere clerical error.

## Conclusion of Law

The defendant's motion to suppress is denied for the following reasons:

■ The officer had probable cause to stop defendant for speeding. *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. Reasonable suspicion existed to conduct the field sobriety test. *Columbus v. Anderson* (1991), 74 Ohio App.3d 768, 600 N.E.2d 712.

■ The crux of the matter is whether the original certificate of approval was defective on its face, requiring exclusion of the test result, or if it was merely a clerical error, requiring denial of suppression of the evidence. As previously stated, the language of "plus or minus 2%" was a clerical error based upon the expert's unequivocal testimony that the deleted language had no actual effect on the target value or the end result. The batch solution was reexamined to verify that it complied with ODH protocol. Thus, a showing of prejudice to the defendant is absent. The results of this test are in substantial compliance and strict compliance with the statute R.C. 4511.19. *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902.

In deciding this motion, the court is not controlled by the decisions rendered in *Reynoldsburg v. Stonerock* (1996), unreported, or *State v. Workman* (1996), 79 Ohio Misc.2d 26, 670 N.E.2d 315. Neither court had the availability of the current expert who carefully explained the protocol for the issuance of the certificate of approval from the Ohio Department of Health, and why the clerical errors present in the certificate in use at the date of defendant's test did not affect the target value resulting in defendant's breath-alcohol test result.

*Motion denied.*