OPINION
Defendant-appellant, Michael R. Taggart, appeals his conviction in the Hamilton Municipal Court for driving under the influence of alcohol in violation of R.C. 4511.19 and the decision by the trial court denying his motion to suppress evidence.
The case was tried to a jury on August 20, 1996. At trial, Officers Dave Weissinger and William Dean Castator of the Hamilton City Police Department testified as follows: At about 2:00 a.m. on June 28, 1996, Weissinger and Castator answered a call concerning a possible domestic dispute at the apartment of appellant and Renee Combs. Weissinger testified that upon arriving at the apartment, he heard a "squabble" inside. Upon entering the apartment, the officers approached appellant and Combs separately. Weissinger talked to Combs, and Castator talked to appellant.
Combs told Weissinger that she was upset because of a recent death in her family and that "the situation was aggravated when the defendant came home intoxicated." Weissinger also observed appellant, and noticed that he was moving "rather sluggish" and that he "had an obvious odor of alcoholic beverage around his person. His eyes were bloodshot and a little glassy. His speech was a little slurred."
When Weissinger left the apartment, appellant was seated in his car talking to Castator. Castator testified that he, too, smelled alcohol on appellant. Castator stated that appellant's speech was a "little bit slurred," and that when appellant walked "[t]here was a little waver [sic] here and there." According to Weissinger, the parties eventually agreed that "it would be okay if [appellant] slept it off on the couch." In addition, Weissinger told appellant not to drive his car, stating, "[I]f I catch you driving it, I'm going to arrest you for D.U.I."
After leaving the apartment, Weissinger and Castator drove down the street and parked to wait for "a few minutes just to make sure" appellant wasn't going to drive. However, after a few minutes, Weissinger saw appellant driving. Weissinger stopped appellant and administered field sobriety tests, including the standing leg count, the walk and turn test, the finger count, and the horizontal gaze nystagmus. Appellant failed three of the four tests. Weissinger placed appellant under arrest for operating a motor vehicle under the influence of alcohol. Appellant was then taken to the police department where he refused to take a breath test.
Appellant moved to suppress evidence resulting from the stop of his vehicle and his arrest. The motion was denied. Following the jury trial, appellant was convicted of driving under the influence of alcohol and sentenced. Appellant timely filed this appeal.
Appellant presents four assignments of error for review. In the first two assignments of error, appellant argues that the trial court erred by denying his motion to suppress evidence resulting from the investigative stop of his vehicle and his arrest.
We begin with the second assignment of error. In this assignment, appellant argues that the police did not have the reasonable and articulable suspicion necessary to justify stopping his vehicle. We disagree.
In order to conduct an investigative stop of a motor vehicle, a police officer must have a reasonable and articulable suspicion that the driver is engaged in criminal activity. Delaware v. Prouse (1979), 440 U.S. 648, 661, 99 S.Ct. 1391, 1400. The officer must be able to point to "specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion. Terry v. Ohio (1968),392 U.S. 1, 21, 88 S.Ct. 1868, 1880. In addition, the propriety of the stop must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, 178, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264; State v. Freeman (1980), 64 Ohio St.2d 291, certiorari denied (1981),454 U.S. 822, 102 S.Ct. 107. The question to be asked is: "[w]ould the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Bobo, at 178-179.
At a suppression hearing, the trial court serves as the trier of fact and must judge the credibility of the witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,20. A trial court's decision denying a motion to suppress will not be disturbed on appeal where it is supported by substantial, credible evidence. State v. Cole (Jan. 24, 1994), Butler App. No. CA93-07-147, unreported.
After reviewing the record, we find that the investigative stop of appellant's vehicle was supported by reasonable, articulable suspicion that appellant was operating his motor vehicle in violation of R.C. 4511.19. Officers Weissinger and Castator testified that when they were at appellant's apartment, appellant's movements were sluggish and he smelled of alcohol. Appellant's eyes were bloodshot and glassy, his speech was a little slurred, and he waivered when he walked. Apparently believing appellant to be impaired, Weissinger told him not to drive. Moreover, Castator testified that appellant agreed not to drive and to stay in the apartment to "sleep it off." The officers also testified that they observed appellant driving a few minutes after they had warned him not to drive.
Officers Weissinger and Castator were able to point to specific and articulable facts which reasonably warranted the investigatory stop of appellant. Accordingly, we find that there was competent, credible evidence to support the trial court's denial of appellant's motion to suppress insofar as it relates to the investigative stop. Accordingly, appellant's second assignment of error is overruled.
In the first assignment of error, appellant states that his motion to suppress was improperly denied because his arrest following the initial investigatory stop was illegal. Appellant asserts that "[o]ne may not be arrested and charged while under the influence of alcohol upon the mere appearance of intoxication." Appellant is arguing, in essence, that the police did not have probable cause to justify his arrest. Again, we disagree.
In support of his argument, appellant cites a case from this court in which we held, inter alia, that merely appearing to be too drunk to drive does not constitute probable cause for arrest. See State v. Finch (1985), 24 Ohio App.3d 38, 40. Appellant's reliance on Finch is misplaced. The record indicates that appellant was not arrested based on the "mere appearance of intoxication," but because, in addition to exhibiting physical signs of intoxication, appellant failed three of four field sobriety tests immediately after he was observed operating a motor vehicle. Failing the field sobriety tests provided police with the probable cause necessary to arrest appellant for driving under the influence of alcohol. See Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 225; State v. Sneed (Feb. 26, 1996), Preble App. No. CA95-08-018, unreported; State v. Blankenship (Dec. 16, 1985), Clermont App. No. CA85-03-017, unreported.[1]
Thus, substantial competent, credible evidence also supports the trial court's decision to deny the motion to suppress as to appellant's arrest. Appellant's first assignment of error is overruled.
In his third assignment of error, appellant states that the trial court erred by admitting the "eye gaze nystagmus test results" into evidence because no scientific foundation was laid and because the results were not relevant to a determination of whether appellant was operating a motor vehicle under the influence of alcohol.
The issue of "[w]hether a court may admit evidence of a defendant's performance on a horizontal gaze nystagmus ["HGN"] test in the absence of expert testimony establishing the scientific foundation of the test" was fully addressed by the Ohio Supreme Court in State v. Bresson (1990), 51 Ohio St.3d 123. Bresson states that expert testimony concerning the test's reliability and acceptance is not required to admit results of the test into evidence. Instead, test results are admissible upon a showing as to "the officer's training and ability to administer the test and as to the actual technique used by the officer * * *." Bresson holds as follows:
 * * * a properly qualified [police] officer may testify at trial regarding a driver's performance on the HGN test as to the issues of probable cause to arrest and whether the driver was operating a vehicle while under the influence of alcohol. See R.C. 4511.19(A)(1).
As to the issue of relevance, the supreme court determined that the results of the test are "a reliable indicator of BAC levels" and are admissible as long as the proper foundation has been shown. Here, the proper foundation was laid. The third assignment of error is overruled.
Finally, in the fourth assignment of error, appellant states that he was denied a fair trial because Castator testified before the jury that he believed appellant had been arrested for DUI previously.
The exchange underlying this assignment of error is the following:
 Q. [by Prosecutor Samuel D. Borst] Did you stay there at the scene?
 A. [by Castator] Right. I stayed there, we called for a wrecker to tow the vehicle. I believe he had been arrested for D.U.I. before.
Mr. Napier: Objection.
Court: Sustained.
* * *
 Mr. Napier: Can we approach your Honor. I'm going to ask for a mistrial.
 Court: You can but I'm going to overrule it. Ladies and gentlemen the comment of the police officer as to what he believed the defendant had been arrested before for driving under the influence. What he believes is not evidence and you are instructed to disregard it.
Appellant claims that this mere mention of a possible previous arrest is sufficient to require reversal. We disagree. First, the comment was not admitted into evidence because the trial court sustained the defense counsel's objection. In addition, the trial court expressly instructed the jury to disregard the officer's comment. It is presumed that the jury will obey the trial court's instructions. State v. Duffy (Apr. 1, 1996), Fayette App. No. CA95-03-006, unreported at 18. Second, even if the statement by the officer had been admitted into evidence in error, in light of the substantial other evidence that appellant was operating a motor vehicle while under the influence of alcohol, such error would have been harmless beyond a reasonable doubt and not prejudicial to appellant. See State v. Bayless (1976), 48 Ohio St.2d 73. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The police did not need probable cause to conduct the field sobriety tests. Reasonable suspicion of criminal activity is all that is required to support administering the tests. See Columbus v. Anderson (1991), 74 Ohio App.3d 768, 770; State v. Herman (Aug. 21, 1995), Warren App. No. CA95-02-014, unreported.