Defendant-appellant, Stephanie A. Anderson, appeals a decision of the Butler County Area I Court denying her motion to suppress evidence.
On March 27, 1998, at about 2:30 a.m., Officer Gregory Moore of the Oxford Police Department was traveling westbound on East Chestnut Street in Oxford, Ohio when he observed appellant's vehicle traveling eastbound on East Chestnut Street at a high rate of speed. Using his K-55 radar, Moore clocked appellant's vehicle traveling at forty-nine m.p.h. in a twenty-five m.p.h. zone. Moore turned his cruiser around and began following appellant with his overhead lights on. However, before Moore could initiate a stop, appellant had parked her car on the campus of Miami University. As Moore pulled up behind appellant's vehicle, appellant began stepping out of her vehicle. Moore instructed appellant to remain seated in her car, which she did.
Upon approaching appellant's vehicle, Moore immediately noticed that appellant's speech was slurred and that her eyes were red. He also observed what appeared to be several bar stamps on both of appellant's hands. While Moore did not detect any odor of alcohol at that time, he did notice a strong smell of perfume coming from the interior of appellant's vehicle. Appellant denied having had anything to drink. Moore then asked appellant to step out of her car to perform field sobriety tests. Moore testified that as he was explaining the horizontal nystagmus test to appellant, he noticed a slight odor of alcohol about her person. Appellant failed the horizontal nystagmus test and the walk and turn test, and performed poorly on the one leg stand test. Moore transported appellant to the Oxford Police Department where she tested .191 grams of alcohol per two hundred ten liters of breath.
Thereafter, Moore cited appellant for, inter alia, driving under the influence of alcohol ("DUI") in violation of Oxford Codified Ordinance 333.01(A)(1) and (A)(3) and speeding in violation of Oxford Codified Ordinance 333.03(B)(11). On April 10, 1998, appellant moved to suppress the evidence on the grounds, inter alia, that the initial investigative stop and the subsequent arrest were not valid. The trial court denied the motion on May 29, 1998. Appellant entered a plea of no contest to the DUI charge and was found guilty. This appeal follows.
As her sole assignment of error, appellant argues that the trial court erred in denying her motion to suppress. Appellant contends that the officer did not have sufficient grounds to detain her and subsequently require her to perform field sobriety tests.
"Where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996),76 Ohio St.3d 3, syllabus. In the case at bar, Moore clearly had probable cause to stop appellant based upon appellant's speeding violation. However, the question raised by appellant is whether the officer had some specific and articulable facts to make further detention of appellant reasonable.
It is well established that probable cause is not needed before a police officer conducts field sobriety tests.State v. Herman (Aug. 21, 1995), Warren App. No. CA95-02-014, unreported, at 2, citing Columbus v. Anderson (1991), 74 Ohio App.3d 768. Reasonable suspicion of criminal activity is all that is needed to support further investigation. State v. Bobo
(1988), 37 Ohio St.3d 177, 178, certiorari denied (1988),488 U.S. 910, 109 S.Ct. 264. In determining whether there is reasonable suspicion of criminal activity, an arresting officer must point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant the intrusion. Middletown v. Profitt (Apr. 24, 1989), Butler App. No. CA88-09-135, unreported, at 3, quoting Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
After reviewing the record, we find that the officer's conduct in requesting appellant to perform field sobriety tests was proper. Appellant's slurred speech, her red eyes, what appeared to be bar stamps on both of appellant's hands, the rather substantial speed of appellant's vehicle, and the time of the day (the early morning hours) provided sufficient grounds for the officer to have a reasonable suspicion which warranted further investigation. See State v. Sanders (Dec. 18, 1998), Ashtabula App. No. 97-A-0049, unreported. While we recognize that Moore did not detect an odor of alcohol about appellant's person until after she was out of her car, Moore did notice a strong smell of perfume coming from the interior of appellant's vehicle. We believe it can be fairly implied that perfume, like cigarette smoking and gum chewing, is a means by which a person can attempt to conceal the odor of alcohol about his or her person.
We therefore find that the trial court did not err in denying appellant's motion to suppress. Appellant's sole assignment is overruled.
Judgment affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents without opinion.