This is an accelerated calendar appeal from the Trumbull County Eastern District Court. Appellant, Edward C. Shacklock, Jr., appeals from the trial court's judgment entry sentencing him for driving under the influence of alcohol.
On June 14, 1997, appellant was charged with driving under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3), and traveling outside the lanes of travel, in violation of R.C.4511.25. On June 19, 1997, appellant's trial counsel filed a motion to suppress the evidence against him, asserting that it was obtained from a warrantless seizure. A suppression hearing was conducted on October 2, 1997.
The following facts were adduced at the suppression hearing. Officer Michelle Siciu ("Siciu") of the Brookfield Township Police Department testified that on June 14, 1997, she was on traffic duty during the midnight shift. At approximately 2:00 a.m. she observed appellant operating a vehicle westbound on State Route 62 in Brookfield Township. She testified that she saw appellant's vehicle travel "off the [right] side of the road." She continued to follow him for about two miles, and witnessed the vehicle go off the side of the road two more times. The distance appellant's vehicle traveled off the side of the road the first two times is unknown. However, Siciu stated that the car swerved off the road by about one foot the third time.
At this point, Siciu activated her overhead emergency lights to stop appellant. As she walked towards his automobile, she noticed two passengers in the vehicle, and also detected an odor of alcohol. She requested that appellant exit the vehicle for the purpose of conducting field sobriety tests. She testified he performed the fingertip-to-nose touch test, but he was unable to correctly follow her instructions. She also asked him to do the one-leg stand test, which he passed. Lastly, Siciu gave him instructions on the heel-to-toe test, but he told her that he "could not do it because he was too drunk." Siciu then placed appellant under arrest and transported him to the Brookfield Township Police Department. A breathalyzer test was administered which revealed a blood alcohol content ("BAC") of .189 percent.
On October 20, 1997, the trial judge overruled appellant's motion to suppress the evidence. On November 6, 1997, appellant entered a plea of no contest to the charges of driving under the influence of alcohol, R.C. 4511.19(A)(1), and traveling outside the lanes of travel, R.C. 4511.25, and was found guilty of both of these charges. It appears from the record that the R.C. 4511.19(A)(3) charge of driving under the influence was dismissed. In a judgment entry filed on that same date, appellant was sentenced to a term of thirty days in jail, and fined $500 for driving under the influence. The trial court suspended twenty-seven days of the jail sentence, and suspended $300 of the fine. In addition, he was placed on one year of probation and his operator's license was suspended, with certain driving privileges, for 180 days with a credit of 110 days to be applied. The trial court also fined appellant $25 for driving outside the lanes of travel.
Appellant filed a timely notice of appeal and raises a single assignment of error:
 "The trial court erred to the prejudice of [appellant] by overruling his Motion to Suppress."
Appellant's sole contention is that the trial court erred by overruling his motion to suppress because Siciu had no probable cause to perform the traffic stop. This assertion is without merit.
In evaluating the propriety of an investigative stop, a reviewing court must consider the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991),57 Ohio St.3d 86, 87-88; see, also State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
Initially, we must determine whether Siciu had the requisite probable cause to stop appellant's vehicle. It is well settled that the test for probable cause is:
 "* * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91.
It is well established that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle observed violating such law. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11-12. Furthermore, in State v. Yemma
(Aug. 9, 1996), Portage App. No 95-P-0156, unreported, at 5-6, we stated:
 "This court has repeatedly held that a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation. * * *
 "Once the officer has stopped the vehicle for some minor traffic offense * * * the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts * * *."
In the case at bar, Siciu testified at the motion hearing that she personally observed appellant's vehicle drive outside the lanes of travel on three separate occasions in a distance of about two miles, which obviously rises above the crest of an articulable suspicion to stop. Therefore, based on her observations, she had sufficient probable cause to perform the traffic stop.
We must next examine whether Siciu had the right to ask appellant to exit his vehicle. Generally, there are two recognized rationales that provide for such a request by an officer to be valid.
Several courts have held that it is proper to request that a motorist exit his car when stopped for a traffic offense in the interests of the officer's safety. State v. Carlson (1995),102 Ohio App.3d 585, 595; State v. Evans (1993), 67 Ohio St.3d 405,407-408; Pennsylvania v. Mimms (1977), 434 U.S. 106, 111. InMimms, the United States Supreme Court stated that it was proper for an officer to order a driver to exit a lawfully stopped vehicle, even if there was no reasonable suspicion of criminal activity. 434 U.S. at 111. The court also held that this de minimis intrusion was outweighed by the officer's legitimate safety concerns. Id.
Additionally, an officer may request that an individual submit to field sobriety tests after an initial stop, if the officer has reasonable suspicion of criminal activity, and if based upon the totality of the circumstances, the officer is "able to point able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio
(1968), 392 U.S. 1, 21; see, also, Columbus v. Anderson (1991),74 Ohio App.3d 768, 770.
In the case sub judice, appellant was initially stopped for traveling outside the lanes of travel. Further, Siciu detected an odor of alcohol when she requested that he exit his vehicle. Appellant performed three field sobriety tests, in which he failed one, passed one, and stated that he could not perform the other because he was too drunk. Therefore, Siciu needed only reasonable suspicion not probable cause before conducting field sobriety tests. Thus, we conclude that appellant's continued detention was justified and non-violative of any of his constitutional rights.
The final issue which must be addressed is whether Siciu had probable cause to arrest appellant for driving under the influence of alcohol. Ohio courts have consistently held that a police officer who stops a driver for a traffic violation, may arrest that driver for DUI when after considering the totality of the circumstances, indicia such as the time of night, smell of alcohol, erratic driving and unsatisfactory completion of the field sobriety tests exist. State v. Evans
(Mar. 27, 1998), Geauga App. No. 97-G-2069, unreported, at 10, fn. 2; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111.
In the instant matter, because Siciu observed appellant committing an infraction, she had probable cause to perform the traffic stop. Moreover, given the time of night, the odor of alcohol on appellant and Siciu's observations of appellant's swerving vehicle, she had reason to suspect that appellant was operating a motor vehicle while under the influence of alcohol. Further, appellant's inability to perform two of the three field sobriety tests, and the admission that he had been drinking constituted specific and articulable facts providing probable cause for the officer to effectuate his subsequent arrest for driving while under the influence of alcohol. Indeed, the roadside detention of appellant and his ensuing arrest for driving while under the influence of alcohol were both constitutional. Under the totality of the circumstances, we conclude that the trial court did not err by overruling appellant's motion to suppress the evidence. The trial court's decision was supported by competent, credible evidence in the form of Siciu's testimony at the suppression hearing.
Based on the foregoing analysis, appellant's assignment of error is not well-taken. Accordingly, the judgment of the Trumbull County Eastern District Court is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.