Appellant-defendant Deborah A. Snider appeals the denial of her motion to suppress in the Medina Municipal Court. This Court affirms.
On April 3, 1998, Snider was charged with operating a vehicle while under the influence of alcohol in violation of Medina City Ordinance 333.01(A)(1).[1] Snider pleaded not guilty to the charge. On May 8, 1998, Snider moved the trial court to suppress evidence, arguing that the law enforcement officer who had arrested Snider had not observed sufficient grounds for placing Snider under arrest for driving under the influence of alcohol. A hearing was held, and on July 8, 1998, the trial court denied the motion to suppress. Subsequently, Snider changed her plea to no contest and was found guilty. On October 2, 1998, the trial court imposed a sentence of one hundred eighty days incarceration, with all but ten days suspended; a fine of $600; six points assessed on her license; two years license suspension, with occupational driving privileges; and one year of probation.
Snider timely appeals and asserts a single assignment of error:[2]
 THE ARRESTING OFFICER COULD NOT ARTICULATE SUFFICIENT FACTS TO SUPPORT A REASONABLE SUSPICION THAT THE APPELLANT WAS DRIVING UNDER THE INFLUENCE OF ALCOHOL WHEN THE ARRESTING OFFICER DID NOT WITNESS ANY ERRATIC VEHICLE OPERATION AND DID NOT OBSERVE ANY PHYSICAL CHARACTERISTICS OF THE APPELLANT WHICH WOULD INDICATE THAT THE APPELLANT WAS UNDER THE INFLUENCE OF ALCOHOL.
Although the wording of Snider's assignment of error, in both its forms, appears to question only the ability of the arresting officer to have conducted field sobriety tests, both parties devote the better part of their respective arguments to whether probable cause existed for a permissible arrest. Because this latter issue formed the basis for the underlying motion to suppress, this Court construes the assigned error to encompass both the propriety of conducting the field sobriety tests and whether the results of those tests created probable cause to arrest.
Snider argues that the trial court erred in denying the motion to suppress because, "[s]ince the observations of the arresting officer did not amount to a reasonable suspicion that [Snider] was intoxicated, * * * the arresting officer did not have sufficient probable cause to investigate [Snider] for driving under the influence of alcohol." The assertion that probable cause is needed to investigate driving under the influence is erroneous. It is well settled that "[p]robable cause is not needed before an officer conducts field sobriety tests. Reasonable suspicion of criminal activity is all that is required to support further investigation." Columbus v. Anderson (1991),74 Ohio App.3d 768, 770, citing State v. Bobo (1998), 37 Ohio St.3d 177. Therefore, in order to have conducted the sobriety test that led to Snider's arrest, the law enforcement officer was not required to have possessed probable cause at that time. Rather, the officer was merely required to possess a reasonable suspicion of criminal activity.
Testimony at the suppression hearing indicated that the arresting officer did possess a reasonable suspicion of criminal activity. The officer testified that, shortly after 5:00 a.m. on April 3, 1998, he was checking the parking lot of a local Stop-N-Go gas station. Earlier that evening, the officer had been dispatched to investigate the attempted abduction of Snider's husband. Snider was supposed to have met her husband at Stop-N-Go earlier that evening, but after she failed to appear, her husband had begun to walk home. During the walk home, the attempted abduction occurred, and the police were summoned. The officer testified that he gave the husband a ride home and then assured the man that he would drive to Stop-N-Go to see whether Snider had appeared and to inform her of the attempted abduction of her husband.
The officer testified that upon driving to Stop-N-Go, he located the husband's tractor-trailer truck, which the husband kept parked at the gas station when not in use. He then observed Snider drive into the parking lot and back her vehicle alongside the truck. Both the officer and Snider exited their respective vehicles, and, upon inquiry, Snider confirmed her identity. The officer testified that he then informed Snider of the events that had transpired that morning regarding her husband. During the course of the conversation, the officer noticed that Snider had a moderate smell of alcohol about her, that her eyes were red, and that her words were somewhat slurred. The officer inquired whether Snider had been drinking. Snider admitted that she had consumed four to five alcoholic beverages. The officer's observations, when coupled with the fact that the officer was aware that Snider had been driving and Snider's own admission that she had been drinking, created a reasonable suspicion of criminal activity that permitted the officer to conduct sobriety tests.
The officer did just that, requesting that Snider perform several field sobriety tests. Snider agreed. The officer then conducted the horizontal gaze nystagmus test, which the officer testified he had performed in the course of his duties approximately three hundred times. The officer testified that Snider's results were consistent with those that would be obtained from someone under the influence of alcohol. Further, Snider swayed as she took the test, and was also unsteady as she performed a heel-to-toe test, which she did not complete without repeated error. The officer testified that Snider then refused to perform the one-leg stand test, telling him that if he was going to arrest her, "to just go ahead and do so." At that point the officer arrested Snider.
Snider argues on appeal that, because the officer had not observed erratic driving or impaired motor coordination, the officer was without probable cause to arrest her. This argument is not well taken.
This Court has previously explained that "probable cause is best determined by the trier of fact who had the opportunity to hear the testimony and observe the witnesses." State v. Brown (Nov. 28, 1990), Medina App. No. 1895, unreported, citing Beck v. Ohio (1964), 379 U.S. 89, 13 L.Ed.2d 142. In making such a probable cause determination, a court must consider the "totality of the facts and circumstances surrounding the arrest." State v. Lyons (Nov. 14, 1990), Medina App. No. 1901, unreported. Further, "[c]umulative facts and circumstances sufficient to justify a prudent person's belief that an offense has been committed will support a finding of probable cause." Id. The existence of probable cause to arrest was not dependent upon the officer observing erratic driving, but instead upon whether the totality of the circumstances led to the belief that an offense had been committed.[3]
Snider's argument ignores that no probable cause was necessary until an arrest was made and that no arrest was effectuated until after the officer had witnessed Snider's impaired performances in the field sobriety tests. Although Snider relies upon State v. Taylor (1981), 3 Ohio App.3d 197, and Finch, supra, to support her assigned error, these cases are distinguishable. In both Taylor and Finch, the critical issue was whether more than the mere appearance of intoxication was required to create probable cause to arrest. In the former case, the defendant smelled of alcohol and had nominally exceeded the speed limit, while in the latter case, the arrest of the defendant was only predicated upon his exhibiting characteristics of someone who had been drinking heavily. In the instant case, however, Snider's arrest followed her demonstrated failure to perform the field sobriety tests successfully; these test results were in addition to the other indicia of intoxication that the officer had observed. This Court therefore holds that, given the officer's knowledge that Snider had been driving, combined with the odor of alcohol about Snider, her red eyes, slurred speech, admission of drinking, and failure to complete successfully field sobriety tests, the totality of the circumstances were sufficient to establish probable cause to arrest.
The officer's initial approach of Snider need not have been supported by either a reasonable suspicion of criminal activity or probable cause, as his contact with Snider was the result of her husband asking the officer to check on his wife and inform her of what had transpired that morning. While the officer spoke with Snider, he gained a reasonable suspicion of criminal activity that permitted him to conduct field sobriety tests. The results of these tests created probable cause that permitted Snider's arrest. Accordingly, Snider's assignment of error is overruled. The judgment of the municipal court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR
[1] Snider incorrectly states in her appellate brief, as she did in her motion to suppress in the lower court, that she was charged with a violation of R.C. 4511.19(A)(1).
[2] Although Snider presents a sole assignment of error to this Court, she states it differently in various portions of her appellate brief. The other variation states:
 THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE BECAUSE THE ARRESTING OFFICER FAILED TO ARTICULATE SUFFICIENT FACTS TO SUPPORT HIS REQUEST THAT THE APPELLANT SUBMIT TO FIELD SOBRIETY TESTS.
[3] It is well settled that, contrary to Snider's argument, "it is possible to have a valid arrest for driving under the influence of alcohol even though the arresting officer has not actually observed the arrestee operating a vehicle in an erratic or unsafe manner." State v. Finch (1985), 24 Ohio App.3d 38, 40.