DECISION AND JUDGMENT ENTRY
The state of Ohio appeals, pursuant to Crim.R. 12(J), from an order of the Norwalk Municipal Court granting appellant's motion to suppress evidence supporting charges of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and driving with a prohibited blood alcohol concentration in violation of R.C. 4511.19(A)(3). Because the municipal court's decision is supported by the evidence, we affirm.
Prior to a consideration of appellant's sole assignment of error, we must discuss the state of the record in this appeal. In its praecipe ordering the necessary parts of the record, appellant indicated that no transcript of the proceedings below was available; therefore, a statement of the evidence pursuant to App.R. 9(C) would be filed. Appellant submitted a proposed statement of evidence, appellee filed objections and amendments and the trial court signed and filed "Findings of Fact" as set forth by appellee. In addition, a videotape of the stop and arrest of appellee was viewed by the trial court and is included in the record of this appeal. Thus, our review is limited to a consideration of the trial court's approved findings, the trial court's judgment and the videotape. That is, we cannot consider the facts provided in appellant's proposed statement of the evidence and as set forth in its brief.
The record reveals that at approximately 2:00 a.m. on April 21, 2000, State Highway Patrol Trooper Brian Gocksetter observed appellee operating a motor vehicle that lacked a functioning license plate light. After following appellant's vehicle for a short distance and seeing the vehicle weave within its lane, he stopped her. According to the trooper, appellee had slurred speech and either a moderate or strong odor of alcohol about her person. Therefore, the trooper decided to administer field sobriety tests and conducted a breath test on a portable breath testing apparatus. He subsequently arrested appellant and transported her to an Ohio State Highway Patrol Post where appellee submitted to a breath alcohol test. The results of the test disclosed that appellee had a breath alcohol level of .168 of one gram by weight of alcohol per two hundred ten liters of breath.
In his order granting the motion to suppress, the municipal judge found that "the officer had no probable cause to administer field sobriety tests and/or to arrest the defendant" and suppressed all evidence obtained from "the conducting of field sobriety tests, portable breath tests, breath alcohol tests conducted at the Ohio Highway Patrol Post or other evidence following the officer's initial interview with the defendant." Additionally, in his approved findings, the trial judge held:
 "a) The trooper's recollection of the facts is not sufficiently accurate to form the basis for a conclusion that the trooper was justified in requesting the Appellant to submit to any field sobriety tests;
 "b) The trooper had an insufficient factual basis for requiring Appellant to submit to either field sobriety tests or to a breath-alcohol test;
 "c) In serving as the trier of fact and as the primary judge of the credibility of witnesses, this Court finds there to be insufficient evidence upon which to conclude that the trooper was justified in causing Appellant to submit to the tests aforesaid."
In its appeal of this judgment, the state raises one assignment of error:
 "The Trial Court erred in failing to apply the appropriate test or correct law and/or incorrectly decided the ultimate issue raised in the defendant's motion to suppress in holding that there was no probable cause to administer field sobriety tests and/or to arrest the defendant in this case."
Appellant first argues that the trial court employed the incorrect standard for determining whether the evidence offered at the suppression hearing justified the trooper's further investigation of this matter by conducting field sobriety tests.
A police officer does not need probable cause before conducting field sobriety tests. All that is required is a reasonable, articulable suspicion of criminal activity. State v. Sanders (1998),130 Ohio App.3d 789, 794; State v. Evans (1998), 127 Ohio App.3d 56, 62;Columbus v. Anderson (1991), 74 Ohio App.3d 768, 774. Reasonable suspicion is defined as "something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." State v. Shepherd (1997),122 Ohio App.3d 358, 364. Thus, the trial court was technically incorrect in stating that the trooper lacked "probable cause" to conduct field sobriety tests.
Nevertheless, insomuch as the record of this cause discloses that the trial court's judgment rests upon the credibility of the witnesses, we conclude that said error is harmless beyond a reasonable doubt. Crim.R. 52; Chapman v. California (1967), 386 U.S. 18.
The determination of the existence of a reasonable, articulable suspicion to conduct field sobriety tests depends on the totality of the relevant circumstances. State v. Evans, 127 Ohio App.3d at 63. The only facts before this court are the time of the stop, appellee's alleged slurred speech, a moderate/strong odor of alcohol about her person and, from the videotape, the fact that she admitted to having "one beer." The trial court found that the trooper's testimony concerning the circumstances leading to his decision to conduct field sobriety tests was not credible. The court's judgment entry concludes that the videotape of the stop failed to reveal any slurred speech; our review of that tape also fails to disclose any slurred speech. All that remains is the time of the stop and the admission of consuming one drink of an alcoholic beverage. These facts are simply insufficient to give rise to a reasonable, articulable suspicion that appellee was intoxicated. Therefore, the trial court did not err in granting the motion to suppress on this ground.
Appellant also asserts that the trial court should have denied the motion to suppress because Trooper Gocksetter had probable cause to arrest appellee. In determining whether the police had probable cause to arrest an individual for DUI, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Homan (2000),89 Ohio St.3d 421, 427. In making this determination, a court must again examine the totality of facts and circumstances surrounding the arrest.State v. Homan, 89 Ohio St.3d at 427. Because the trial court discounted the testimony of the trooper and the results of the field sobriety test cannot be considered, we cannot say, that under the totality of the circumstances, the trial court erred in finding that Trooper Gocksetter lacked probable cause to arrest appellee for operating a motor vehicle while under the influence of alcohol. Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Norwalk Municipal Court is affirmed. Appellant, the state of Ohio, is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. CONCUR.
Melvin L. Resnick, J., dissents.