OPINION
Kenneth A. Robinson appeals from the judgment of the Fairborn Municipal Court denying his motion to suppress evidence acquired as a result of a traffic stop.
On March 3, 2001, Robinson was stopped and subsequently arrested for driving under the influence of alcohol, in violation of R.C. 4511.19(A). He was also cited for speeding. Robinson pled not guilty to all of the charges. He filed a motion to suppress, arguing that there was no reasonable and articulable suspicion to stop him, no reasonable and articulable suspicion for the administration of the field sobriety tests, and no probable cause to arrest him for driving while under the influence.
A suppression hearing was held on July 24, 2001, during which the following evidence was adduced. On March 1, 2001, at approximately 12:01 a.m., Beavercreek Police Officer Scott Spangler stopped Robinson who was traveling in a black Honda CR-V at a high rate of speed, proceeding southbound on Grange Hall Road in Beavercreek, Ohio. Using radar, Officer Spangler determined Robinson's speed to be fifty miles per hour in a thirty-five mile per hour zone.
As he approached the vehicle, Officer Spangler noticed that the engine was not running. He motioned for Robinson to roll down the windows, but Robinson had difficulties and quickly became confused because the power windows would not work. Robinson turned to his wife several times as if to enlist her help in rolling down the windows, but he became frustrated and eventually opened the door.
When Robinson opened the door, Officer Spangler could detect a "strong odor of alcohol" coming from inside the vehicle. He asked Robinson if he had had any alcohol that evening; Robinson explained that he had been to a bar for a "couple beers" at approximately 10:30 p.m. and that he and his wife had recently come from a bar before stopping at Rally's for fast food. Officer Spangler testified that Robinson had had a "blank-type" look on his face and had appeared confused, and that Robinson's eyes had been "glossy" and his pupils had been constricted. He also noted that Robinson had been unable to retrieve his license and that he "was fumbling with everything he was doing." Additionally, Officer Spangler detected a "strong odor of alcohol" coming from Robinson as he spoke with him.
At that point, Officer Spangler asked Robinson to exit the vehicle so that he could administer field sobriety tests. Based upon Robinson's performance in the horizontal gaze nystagmus test, the one-leg stand test, and the walk-and-turn test, Officer Spangler placed Robinson under arrest for driving while under the influence.
At the close of the suppression hearing, the trial court found that Officer Spangler had had reasonable, articulable suspicion to stop Robinson's vehicle based upon his "visual estimation" of speed and the radar reading that Robinson had been driving fifteen miles above the legal speed. The trial court further found that Officer Spangler had had reasonable, articulable suspicion to detain Robinson for the performance of field sobriety tests based upon the strong odor of alcohol coming from Robinson and the interior of his car, Robinson's physical symptoms of intoxication, and Robinson's speech and coordination.
Robinson pled no contest to the driving while under the influence charge; the speeding violation was dismissed. Robinson now appeals the trial court's denial of his motion to suppress, asserting one assignment of error.
"It was `unreasonable,' within the meaning of the Fourth Amendment, forthe officer to detain Appellant for purposes of conducting field sobrietytests when the officer had no reasonable suspicion to believe thatAppellant was intoxicated; thus the trial court erred when it overruledthe suppression motion[.]"
When considering the denial of a motion to suppress, we note that the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. We must accept the trial court's findings if they are supported by competent and credible evidence. State v. Williams (1993),86 Ohio App.3d 37, 41.
Robinson does not challenge the lawfulness of Officer Spangler's stop of his vehicle on appeal. Officer Spangler observed Robinson speeding, and this speeding violation provided the probable cause and the reasonable suspicion necessary to effectuate a valid traffic stop. Because Officer Spangler observed Robinson traveling fifty miles per hour in a thirty-five mile per hour zone, he possessed reasonable suspicion and probable cause to stop Robinson's vehicle.
However, Robinson argues that Officer Spangler did not have reasonable and articulable facts to justify conducting field sobriety tests. Once an officer lawfully stops a vehicle, the officer must "carefully tailor" the scope of the stop "to its underlying justification." Florida v.Royer (1983), 460 U.S. 491, 500. See, also, State v. Gonyou (1995),108 Ohio App.3d 369, 372; State v. Birchfield (Aug. 26, 1997), Ross App. No. 97 CA 2281, unreported. At this point, the officer must have reasonable suspicion of criminal activity, such as intoxication, to support administering field sobriety tests. Columbus v. Anderson
(1991), 74 Ohio App.3d 768, 770. If there are no articulable facts that give rise to a suspicion of illegal activity, then the continued detention to conduct a search constitutes an illegal seizure. State v.Robinette (1997), 80 Ohio St.3d 234, 240, 1997-Ohio-343. In determining whether articulable facts exist to support a reasonable suspicion to detain, the court must look to the totality of the circumstances. Statev. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus, 18 O.O.3d 472.
We note that the decisions in these types of cases are very fact-intensive. State v. Marshall (Dec. 28, 2001), Clark App. No. 2001-CA-35, unreported, 2001-Ohio-7081, citing State v. Weierman (Dec. 14, 2001), Montgomery App. No. 18853, unreported, 2001-Ohio-7007. This court has held that the detection of "a strong odor of alcohol alone" is sufficient to provide an officer with reasonable suspicion of criminal activity. Marshall, supra. (Citations omitted.)
Robinson asserts that this case is similar to the facts in State v.Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30, unreported and Statev. Spillers (Mar. 24, 2000), Darke App. No. 1504CA, unreported. In those cases, this court found no reasonable justification for a detention in which to perform a field sobriety test. In Spillers, we affirmed the trial court's suppression of evidence because the odor of alcohol was "slight" and the only other evidence presented was a de minimus lane violation. Based upon Spillers, we reversed the trial court's decision in Dixon because the officer had not observed any erratic driving but had administered sobriety testing upon noticing the defendant's bloodshot eyes at 2:20 a.m. and an "odor of alcohol" on his person.
We find a much greater indicia of intoxication in the instant case than in either Spillers or Dixon. In the case at bar, Officer Spangler lawfully expanded the scope of the routine traffic stop and lawfully continued Robinson's detention in order to confirm or dispel his suspicions that Robinson was driving while under the influence of alcohol. First, Officer Spangler stopped Robinson for speeding, a clear traffic violation. As Officer Spangler approached Robinson, he noticed that the vehicle's engine was not running and the driver's side window was closed. Officer Spangler requested Robinson to open his window, and Robinson experienced a difficult time attempting to roll down the power window without the engine running. After "fumbling" around, Robinson eventually opened the vehicle's door. As Robinson opened the door, Officer Spangler was hit with the "strong odor" of alcohol. Officer Spangler inquired of Robinson whether he had had any alcohol that evening, and Robinson responded that he had had a "couple beers" after leaving work and that he and his wife had been at a bar prior to eating fast food.
Officer Spangler also noted that Robinson had "fumbled" around while looking for his driver's license and that he had had a "blank" and "confused" look on his face. Officer Spangler further testified that Robinson had had "glossy eyes" with constricted pupils, had been mumbling, and had emitted a strong odor of alcohol. Moreover, Robinson seemed agitated and often looked toward his wife for answers to Officer Spangler's questions.
Thus, based upon the facts in this case, the indicia of intoxication were greater than in either Spillers or Dixon, and Officer Spangler had sufficient articulable suspicion to detain Robinson to perform the sobriety field tests. We agree with the trial court that Officer Spangler was presented with articulable facts which justified a reasonable suspicion that Robinson had been driving under the influence of alcohol. Therefore, we find that Officer Spangler had a reasonable and articulable suspicion to administer field sobriety tests to Robinson.
Robinson's assignment of error is overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and GRADY, J., concur.