OPINION
{¶ 1} Defendant-appellant, James Robbins, appeals the denial of his motion to suppress evidence and subsequent conviction by the Clermont County Municipal Court for driving under the influence. We affirm the trial court's decision.
 {¶ 2} On December 9, 2001, around 5:30 p.m., appellant was traveling southbound on U.S. Interstate 275. Ohio State Highway Patrol Trooper Nathan J. Pabin was checking vehicle speed and observed appellant driving 79 m.p.h., in excess of the posted 65 m.p.h. speed limit. Appellant immediately pulled to the side berm when Trooper Pabin activated his lights. Trooper Pabin approached appellant's vehicle, informed appellant of the reason for the stop, and requested appellant's license, registration and proof of insurance. Appellant produced these items without incident. During their exchange, Trooper Pabin noticed a moderate odor of an alcoholic beverage coming from the car. He inquired of appellant how much alcohol he had consumed. Appellant responded that he had had two beers. Trooper Pabin then instructed appellant to exit his vehicle. Appellant did so without exhibiting any difficulties balancing.
 {¶ 3} Trooper Pabin led appellant to the area behind appellant's vehicle and in front of the patrol car in order to conduct field sobriety tests. Trooper Pabin first administered the horizontal gaze nystagmus test, then the one-legged stand, and finally the walk and turn test. Trooper Pabin determined that appellant performed poorly on all three tests and consequently arrested appellant for driving under the influence. Appellant was transported to the nearby Ohio State Highway Patrol Post where he consented to a breathalyzer test. Testing revealed that his blood alcohol level was .153 grams of alcohol per 210 liters. Appellant was charged with violations of R.C. 4511.21(D)(2), 4511.19(A)(1), and 4511.19(A)(3).
 {¶ 4} Appellant moved to suppress evidence, alleging that his detention and arrest were unconstitutional, that the field sobriety tests were done in violation of his constitutional rights, and that the test results were inadmissible due to the manner in which they were conducted. After a hearing on the matter, the trial court suppressed the results of the HGN test, finding that it was not conducted in strict compliance with the guidelines provided by the National Highway Traffic Administration. The trial court overruled the motion in all other respects. Appellant pled no contest to the charges, was convicted and sentenced accordingly. He appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 6} When considering a motion to suppress, the trial court assumes the role of trier of fact as it is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, an appellate court determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court erred in applying the substantive law to the facts of the case. State v. Vance (1994), 98 Ohio App.3d 56, 58, quotingState v. Williams (1993), 86 Ohio App.3d 37, 41.
 {¶ 7} Appellant does not contest the factual determinations of the trial court, and our review of the record confirms that the trial court's findings of fact are supported by competent, credible evidence. However appellant contends, given those facts, that the trial court erred by finding that Trooper Pabin possessed a reasonable suspicion to detain him to administer field sobriety tests.
 {¶ 8} When a proper stop has taken place, a police officer must have a reasonable suspicion of intoxication to support administering field sobriety tests. Columbus v. Anderson (1991), 74 Ohio App.3d 768,770. Only when there are no articulable facts which give rise to a suspicion of illegal activity does continued detention to conduct field sobriety tests constitute an illegal seizure. See State v. Robinette
(1997), 80 Ohio St.3d 234, 240. In determining whether there are articulable facts to support a reasonable suspicion justifying a continued detention, the court must look to the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 9} In the present case, Trooper Pabin observed appellant speeding. There was a moderate odor of an alcoholic beverage about appellant, and appellant admitted to Trooper Pabin that he had recently consumed alcohol. These observations provided Trooper Pabin with the requisite reasonable suspicion to detain appellant and administer field sobriety tests. Accord Anderson, 74 Ohio App.3d at 768 (reasonable suspicion necessary to conduct field sobriety tests present where defendant was speeding, had a moderate odor of an alcoholic beverage about him, and time of day warranted further questioning); State v.Blackburn (1996), 115 Ohio App.3d 678 (reasonable suspicion necessary to conduct field sobriety tests present where defendant was stopped for an equipment violation, officer detected a strong odor of an alcoholic beverage about the defendant, and defendant admitted consuming beer).
 {¶ 10} While appellant stretches to distinguish the facts of the above cases from those of the present case, we find any dissimilarities inconsequential. For example, we acknowledge that the defendant inAnderson was driving 17 m.p.h. over the speed limit while appellant was driving only 14 m.p.h. over the posted speed limit; the offense inAnderson occurred during the early morning hours while appellant was stopped mid afternoon; and the defendant in Anderson exited his car and approached the officer while appellant remained seated in his car. However, examining the totality of the circumstances, we find these minor variations to be insignificant, particularly in light of the added fact that in the present matter, appellant admitted his alcohol consumption to Trooper Pabin.
 {¶ 11} Appellant further contends in his assignment of error that the trial court erred by finding that there was probable cause to arrest him. In particular, appellant argues that there was no evidence of impaired driving or impaired motor skills.
 {¶ 12} When determining whether a police officer had probable cause to arrest an individual for DUI, a court considers whether, at the moment of arrest, the officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. State v. Homan, 89 Ohio St.3d at 427, 2000-Ohio-212, citingBeck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225. In making this determination, a court reviews the totality of facts and circumstances surrounding the arrest. Id.
 {¶ 13} Appellant admitted to having consumed alcohol and performed poorly on the field sobriety tests administered to him by Trooper Pabin. Appellant set his foot down twice when performing the one-legged stand test and stepped off the imaginary line twice while performing the walk and turn test. The results of these field sobriety tests squarely contradict appellant's assertion that there was no evidence that his motor coordination was at all impaired. See State v. Buckley (Mar. 7, 1994), Warren App. No. CA93-09-076, citing State v. Bakst (1986),30 Ohio App.3d 141, 145-46. Looking at the totality of the facts and circumstances, we find that Trooper Pabin had probable cause to arrest appellant for DUI.
 {¶ 14} Because there is competent, credible evidence in the record to support the trial court's findings that Trooper Pabin did not violate appellant's rights by performing field sobriety tests or arresting him, we conclude that the trial court did not err in denying appellant's motion to suppress. The assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.