## DISCIPLINARY DOCKET

**93–901.** Cleveland Bar Assn. v. Young. On September 8, 1993, this court suspended respondent James C. Young for one year but suspended the suspension and placed respondent on two years of monitored probation. This court further ordered respondent by October 8, 1993, to pay board costs and to file evidence with the court of having made restitution consistent with the court's opinion. On November 17, 1993, this court granted respondent until May 17, 1994, to pay board costs in full, including all accrued interest, and to file evidence with this court demonstrating that he made all required restitution. This court further ordered that if by May 17, 1994, respondent did not pay board costs, including all accrued interest, and did not file evidence demonstrating that he had made all required restitution, he would be indefinitely suspended from the practice of law until such time as costs were paid and evidence of having made restitution was filed with this court. On May 17, 1994,

respondent's monitoring attorney submitted $2,103.75 for payment toward board costs, including accrued interest. Respondent has not filed evidence with this court demonstrating that he has made all required restitution. Upon consideration thereof,

IT IS ORDERED AND ADJUDGED, effective July 5, 1994, in accordance with this court's November 17, 1993 entry (see *Cleveland Bar Assn. v. Young* [1993], 67 Ohio St.3d 226, 617 N.E.2d 669), that respondent James C. Young (Attorney Registration No. 0034227, last known business address in Cleveland, Ohio) be suspended from the practice of law in Ohio until such time as he files evidence with the Clerk's Office of this court demonstrating that full restitution has been made as ordered by the court.

IT IS FURTHER ORDERED that the respondent, James C. Young, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before August 5, 1994, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(F), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(F), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent files evidence with the Clerk of this court demonstrating that he has made full restitution; (2) respondent has complied with this and all other orders issued by this court; (3) respondent files with the Clerk of this court a written request seeking reinstatement; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before August 5, 1994, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before August 5, 1994, respondent surrender his attorney registration card for the 1993–1995 biennium.

1488

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.