OPINION
Appellant, the state of Ohio ("the State"), appeals a decision of the Fayette County Court of Common Pleas granting the motion of defendant-appellee, Kevin D. Terry, to suppress an inculpatory statement made to the police. We reverse and remand for proceedings not inconsistent with this opinion.
On the night of July 11, 1998, Brian K. Brown was attacked outside his home in Washington Court House, Fayette County, Ohio, receiving multiple stab wounds. Brown was taken to Fayette Memorial Hospital where he told investigating officers that appellee had stabbed him. Later that evening, Chief Deputy Alan Witherspoon of the Fayette County Sheriff's Office went to the home of appellee's parents, where he was met by Lieutenants Robert A. Russell and Donald Cox of the sheriff's office. Appellee was in the home, and the three deputies arrested him and transported him to the sheriff's office.
At the sheriff's office, appellee was asked if he wished to speak to the deputies. Appellee indicated that he would like to do so, and he was taken into Witherspoon's office. Lt. Russell read appellee his Miranda rights, and appellee signed a form waiving the rights. At first, appellee denied any knowledge of the incident. Appellee indicated that he wanted to speak to Witherspoon, and Witherspoon had the other two deputies leave the office.
Witherspoon and appellee continued to talk, and Witherspoon told appellee that he could not do anything unless appellee told him what had occurred. Appellee admitted to the crime, and stated where the knife he used was located. He stated that he stabbed Brown because he believed Brown was having an affair with his wife. He also agreed to give a written statement. At that time, Lt. Russell was called back into the office, and appellee gave a writ ten statement. Lt. Russell transcribed the statement. The interrogation lasted about twenty minutes.
Appellee was arrested and charged with felonious assault, a violation of R.C. 2903.11. He filed a motion to suppress, claiming that his statement was given involuntarily. The trial court held a suppression hearing on October 19, 1998. On October 21, 1998, the trial court filed its judgment entry granting appellee's motion. The trial court found that appellee's inculpatory statement was procured as a result of promises made by Witherspoon. The State appeals, raising a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND, THEREFORE, ERRED BECAUSE THERE WAS NO BASIS FOR THE GRANTING OF DEFENDANT-APPELLEE'S MOTION TO SUPPRESS.
In its sole assignment of error, the State contends that a statement by a law enforcement officer that a defendant's cooperation would be helpful does not make a confession involuntary. The State further argues that, under the totality of the circumstances, appellee's confession was made without any improper inducement or coercion.
In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v. Clay
(1973), 34 Ohio St.2d 250, 251. In reviewing the decision of a trial court on a motion to suppress, the appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard.Id.
In determining whether statements elicited during custodial interrogation are voluntary and admissible against the accused, the court must inquire into the totality of the circumstances surrounding the interrogation. State v. Maurer (1984), 15 Ohio St.3d 239,257. The court must then determine whether the accused did, in fact, knowingly and voluntarily forgo his rights to remain silent and have the assistance of counsel. Miranda v. Arizona
(1966), 384 U.S. 436, 475, 86 S.Ct. 1602. The relevant factors for the court to consider include: the defendant's age and mentality; the defendant's prior criminal experience; the length, intensity, and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement. State v. Brewer (1990), 48 Ohio St.3d 50, 58; Statev. Edwards (1976), 49 Ohio St.2d 31, paragraph two of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911,98 S.Ct. 3147.
A confession is involuntary and violative of the United States and Ohio Constitutions if it is the product of "coercive police activity." State v. Loza (1994), 71 Ohio St.3d 61, 66, quoting Colorado v. Connelly (1986), 479 U.S. 157, 167,107 S.Ct. 515, 522. Thus, police may not make promises regarding the treatment the defendant will receive from the court. See Loza,71 Ohio St.3d at 67. Admonitions to tell the truth are neither threats nor promises and are permissible. State v. Wiles (1991),59 Ohio St.3d 71, 81. Promises that a defendant's cooperation might be considered in the disposition of the case, or that a confession would be helpful, will not invalidate an otherwise legal confession. Loza, 71 Ohio St.3d at 67, citing Edwards,49 Ohio St.2d at 40-41.
In the instant case, the statements made by Witherspoon to appellee were nothing more than the general promises and admonitions which are permitted. Witherspoon did not make any statement that appellee would receive a particular treatment from the trial court. Witherspoon only told appellee that his cooperation would be helpful, and that Witherspoon would say that appellee had cooperated. This was no different than the statements made by the officers in Loza that it would be in the defendant's best interest to tell the truth. Loza, 71 Ohio St.3d at 63.
Appellee was read his Miranda rights, signed a form waiving these rights, and voluntarily made a written statement to the police. Under the totality of the circumstances presented, appellee's confession to Witherspoon and his subsequent written statement were made voluntarily. Accordingly, the State's assignment of error is sustained.
Judgment reversed and remanded for proceedings not inconsistent with this opinion.
WALSH and VALEN, JJ., concur.