OPINION
Defendant-appellant, Shane McDonald, appeals a decision of the Warren County Court denying his motion to suppress evidence, and his subsequent conviction for operating a motor vehicle under the influence of alcohol ("OMVI"). We affirm.
At 10:30 p.m. on April 12, 1997, appellant was stopped for speeding by Sergeant Mark Helsinger of the Ohio State Patrol. Appellant was traveling southbound on State Route 48 in Clearcreek Township, Warren County, Ohio, and Sgt. Helsinger's radar unit registered appellant's speed at sixty-six m.p.h. in a fifty-five m.p.h. speed zone.
Upon approaching appellant's vehicle, Sgt. Helsinger noticed that appellant had bloodshot eyes and that an odor of alcohol emanated from appellant's vehicle. When asked if he had had any alcohol to drink, appellant responded affirmatively. Sgt. Helsinger asked appellant to exit the vehicle to perform field sobriety tests. When appellant got out of the vehicle, Sgt. Helsinger noticed an odor of alcohol on appellant's person. Sgt. Helsinger administered field sobriety tests and deemed appellant to have failed all of the tests. Sgt. Helsinger arrested appellant for OMVI. Subsequently, appellant submitted to a breath test on a DataMaster instrument at the highway patrol post, and the result was a blood alcohol concentration ("BAC") of .126 percent.
Appellant was charged with speeding and a violation of R.C.4511.19(A)(3), operating a motor vehicle with a BAC of ten-hundredths of one gram or more by weight of alcohol per two hundred milliliters of breath. On July 15, 1997, he filed a motion to suppress the result of the breath test. On February 3, 1998, the trial court held a suppression hearing, and the trial court over ruled appellant's motion by a decision and judgment entry dated June 2, 1998. On July 2, 1998, appellant entered no contest pleas to both speeding and the OMVI charge, and the trial court found him guilty on both counts.
The trial court sentenced appellant on August 20, 1998, ordering that appellant pay a fine for the speeding charge. On the OMVI charge, appellant was sentenced to pay a fine and serve thirty days in jail, with twenty-seven days suspended on the condition he attend an intervention program. Appellant also received a one hundred eighty day suspension of his operator's license, with credit for five days served and occupational driving privileges after the first fifteen days. In addition, appellant was placed on two years reporting probation.
Appellant appeals, raising two assignments of error, which we will address out of order for purposes of clarity.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT THE ADMINISTRATION OF FIELD SOBRIETY TESTS WAS SUPPORTED BY A REASONABLE AND ARTICULABLE SUSPICION.
In his second assignment of error, appellant contends that the administration of the field sobriety tests was not supported by a reasonable and articulable suspicion that appellant was under the influence of alcohol.
When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to evaluate the credibility of witnesses and resolve questions of fact. Statev. Clay (1973), 34 Ohio St.2d 250, 251. In reviewing the decision of a trial court on a motion to suppress, an appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard.Id.
We first note that the initial traffic stop of appellant by Sgt. Helsinger was proper. The Supreme Court of Ohio has held that "where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus; see Terry v. Ohio (1968), 392 U.S. 1, 30,88 S.Ct. 1880, 1886. Sgt. Helsinger stopped appellant for driving eleven m.p.h. above the posted speed limit. Accordingly, we find that Sgt. Helsinger was justified in executing the traffic stop.
Appellant asserts that Sgt. Helsinger was not presented with any specific and articulable facts that justified continuing the stop or conducting field sobriety tests. When a proper temporary stop has taken place, the police officer must have a reasonable suspicion of criminal activity, such as intoxication or a prohibited BAC, to support administering field sobriety tests. Columbusv. Anderson (1991), 74 Ohio App.3d 768, 770, jurisdictional motion overruled, 62 Ohio St.3d 1475. Only when there are no articulable facts which give rise to a suspicion of illegal activity does continued detention to conduct a search constitute an illegal seizure. State v. Robinette (1997), 80 Ohio St.3d 234, 240. In determining whether there are articulable facts to support a reasonable suspicion justifying a continued detention, the court must look to the totality of the circumstances. State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107. In general, the usual physical characteristics of alcohol consumption, such as the strong odor of alcohol, bloodshot eyes, flushed face, and slurred speech are sufficient to give rise to a reasonable suspicion of intoxication. State v. Finch (1985),24 Ohio App.3d 38, 40.
In the instant case, Sgt. Helsinger was justified in conducting the field sobriety tests. He stopped appellant for a clear speeding violation. Upon approaching appellant, Sgt. Helsinger noticed a general, moderate odor of alcohol and that appellant had bloodshot eyes. Sgt. Helsinger was presented with articulable facts which justified a reasonable suspicion that appellant was driving with a prohibited BAC. Therefore, we find that Sgt. Helsinger had a reasonable and articulable suspicion to administer field sobriety tests. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND APPLIED AN INCORRECT LEGAL STANDARD IN DENYING McDONALD'S MOTION TO SUPPRESS.
In his first assignment of error, appellant contends that there were not facts sufficient to establish probable cause to arrest him. Appellant challenges the results of the field sobriety tests, arguing that they did not present articulable facts supporting probable cause.
To make an arrest without a warrant, the police officer must have probable cause. Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 225-226; State v. Heston (1972), 29 Ohio St.2d 152,155, certiorari denied, 409 U.S. 1038, 93 S.Ct. 534. The test for probable cause is whether the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense. Id., paragraph two of the syllabus. This test is based not upon the arresting officer's subjective motivation, but upon whether objective justification for the detention and arrest existed. Robinette, 80 Ohio St.3d at 236.
Under the circumstances presented in this case, we find that the field sobriety tests that were administered provided sufficient indicia of impairment, if such was necessary. Upon a thorough review of the record, we find that Sgt. Helsinger had articulable facts which established probable cause to arrest appellant. In addition to indicia of impairment which Sgt. Helsinger observed, appellant admitted to drinking alcohol at an earlier time. Accordingly, appellant's first assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.