OPINION
Defendant-appellant, Mike Valandingham, appeals his conviction in the Warren County Court for driving under the influence of alcohol, third offense.
On the night of October 28, 1999, Detective Kevin Hughes of the Springboro Police Department was patrolling in a marked police cruiser. He observed a vehicle driven by appellant travel through an alley and parking lot between two bars in Springboro, Warren County, Ohio. The vehicle did not have its headlights on. Det. Hughes followed the vehicle through the alley and into an adjacent parking lot. While following the vehicle, Det. Hughes called in the vehicle's license plate number, and he was informed that appellant, the vehicle's owner, had no driving privileges. A description of appellant was given to Det. Hughes, and he believed that the description matched his observation of appellant in sex, height, and build.
After the vehicle entered the parking lot, Det. Hughes observed it make several erratic starts and stops. As Det. Hughes pulled alongside, appellant was exiting the vehicle. Appellant was unsteady on his feet. Det. Hughes walked up to appellant.
Upon approaching appellant, Det. Hughes immediately noticed a strong odor of alcohol, that appellant had difficulty maintaining his balance, and that appellant had glassy, bloodshot eyes. Det. Hughes' initial questioning of appellant revealed that he had consumed alcohol that night. Det. Hughes administered horizontal gaze nystagmus, walk and turn, and one leg stand balance tests. Appellant failed all three tests. Appellant was arrested for driving under the influence, third offense, and driving under suspension.
Prior to arraignment, appellant filed a motion to suppress the results of the field sobriety tests and certain statements he made before being read his Miranda rights. A hearing on the motion was held in the trial court on February 2, 1999, at which Det. Hughes testified as to the circumstances of the stop, his investigation, and appellant's arrest. The trial court granted the motion to suppress as to the challenged statements, but denied the motion as to the results of the field sobriety tests.
On April 15, 1999, appellant entered a plea of no contest to driving under the influence, third offense. On May 12, 1999, the trial court filed a sentencing entry ordering appellant to serve a one-year jail sentence and pay a $1,000 fine. Appellant's driver's license was suspended for five years, but he was granted occupational driving privileges after one hundred eighty days with interlock and family plates. The driving under suspension charge was dismissed. Appellant appeals, raising a single assignment of error:
 THE MUNICIPAL COURT OF WARREN COUNTY COMMITTED ERROR TO THE PREJUDICE OF APPELLANT BY ADMITTING EVIDENCE OF IMPAIRMENT OBTAINED BY THE STATE WITHOUT REASONABLE SUSPICION OR PROBABLE CAUSE IN VIOLATION OF APPELLANT'S FOURTEENTH AND FOURTH AMENDMENT RIGHTS.
In his sole assignment of error, appellant contends that there were not sufficient facts to establish a reasonable suspicion that a crime was in progress. Appellant asserts that because his hair color did not match that in the description given to Det. Hughes, the detective had no basis to conduct an investigatory stop.
When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to evaluate the credibility of witnesses and resolve questions of fact. Statev. Clay (1973), 34 Ohio St.2d 250, 251. In reviewing the decision of a trial court on a motion to suppress, the appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. Id.
The Supreme Court of Ohio has held that "where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus; see Terry v. Ohio (1968), 392 U.S. 1, 30, 88 S.Ct. 1880,1886. In the context of driving under suspension, a description of a vehicle's owner which generally matches the driver of the vehicle may give rise to a reasonable, articulable suspicion that the driver of the vehicle has no operator's license. State v.Epling (1995), 105 Ohio App.3d 663, 665. Confirmation of the driver's height, weight, and sex, even when the driver and investigating officer are in different vehicles, may constitute sufficient facts to establish the reasonable, articulable suspicion of criminal activity necessary to conduct an investigatory stop. State v. Owens (1991), 75 Ohio App.3d 523,525.
When a proper investigatory stop has taken place, the police officer must have a reasonable suspicion of criminal activity, such as intoxication, to support administering field sobriety tests. Columbus v. Anderson (1991), 74 Ohio App.3d 768, 770, jurisdictional motion overruled, 62 Ohio St.3d 1475. In determining whether there are articulable facts to support a reasonable suspicion justifying a continued detention, the court must look to the totality of the circumstances. State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107. In general, the usual physical characteristics of alcohol consumption, such as the strong odor of alcohol, bloodshot eyes, flushed face, and slurred speech, are sufficient to give rise to a reasonable suspicion of intoxication. State v. Finch (1985),24 Ohio App.3d 38, 40.
In the instant case, Det. Hughes testified that he checked the license plate number of appellant's vehicle. He was informed that appellant did not have driving privileges, and he was given a description of appellant. Det. Hughes observed that appellant matched the sex, approximate height, and approximate build included in the description. Although appellant's hair at the time of trial was not the same color as in the description, the import of this difference was a matter for the trial court to resolve as trier of fact. It is clear that, under the totality of the circumstances, the trial court believed that Det. Hughes confirmed sufficient facts to suspect that the driver of the vehicle was in fact appellant. This confirmation was sufficient to establish a reasonable, articulable suspicion of criminal activity, and the investigatory stop was proper.
The trial court's conclusion is only bolstered by Det. Hughes' other observations before he investigated whether appellant was intoxicated. Appellant was not steady on his feet when exiting his vehicle. Upon approaching appellant, Det. Hughes immediately noticed a strong odor of alcohol. Appellant's eyes were glassy and bloodshot. Appellant admitted consuming alcohol. Under the totality of the circumstances, there were sufficient articulable facts to justify Det. Hughes' further investigation by conducting field sobriety tests.
We find that the trial court did not err by overruling appellant's motion to suppress the results of the conducted field sobriety tests. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.