DECISION AND JOURNAL ENTRY
Defendant-appellant Eddie L. Jones appeals from a judgment of the Akron Municipal Court that convicted him of attempted drug abuse upon his plea of no contest. This Court affirms.
 I.
On August 18, 1999, Jones and a female companion drove into a high drug activity area and attracted the attention of two officers of the Akron Police Department. The officers followed Jones and observed him entering a parking lot known for crack cocaine activity over a two to four minute span. Officers divined that Jones' license plate tags were expired, and initiated a traffic stop. Upon a pat down of Jones, an officer discovered crack cocaine on Jones' person. Jones was arrested.
Jones was charged with drug abuse, in violation of R.C. 2925.11(C)(4). Jones filed a motion to suppress, which was denied by the trial court. Thereafter, Jones entered a plea of no contest to an amended charge of attempted drug abuse. The trial court found Jones guilty of the amended charge.
Jones timely appeals, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE POLICE OFFICER CONDUCTED AN IMPROPER TERRY V. OHIO SEARCH OF MR. JONES IN VIOLATION OF THE FOURTH AMENDMENT'S GUARANTEE AGAINST UNREASONABLE SEARCHES AND SEIZURES.
 In his first assignment of error, Jones claims that police had no lawful basis to frisk him upon an investigative stop. This Court disagrees.
When reviewing a trial court's ruling on a motion to suppress evidence, a reviewing court will accept the trial court's findings of fact if they are supported by competent, credible evidence. See State v.Retherford (1994), 93 Ohio App.3d 586, 592, appeal not allowed (1994),69 Ohio St.3d 1488. "Accepting those facts as true, [the appellate court] must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." Id.
In the instant case, officers initiated a traffic stop of Jones after they discovered that his license plate tags were expired. The trial court correctly concluded that probable cause to suspect that a traffic violation had occurred was a sufficient legal basis for both stops, regardless of any other motives the officers may have had. See Whren v.United States (1996), 517 U.S. 806, 812-813, 116 S.Ct. 1769, 1774.
We turn then to the propriety of the officers ordering Jones out of his motor vehicle. Jones was the driver of the car and had a female passenger. The United States Supreme Court held that police officers could order the driver of a lawfully stopped vehicle out of the car. SeePennsylvania v. Mimms (1977), 434 U.S. 106, 98 S.Ct. 330. Accordingly, ordering Jones out of his vehicle is consonant with the Fourth Amendment.
Jones also alleges that a Fourth Amendment violation occurred when an officer patted him down. In Terry v. Ohio (1968), 392 U.S. 1, 27,88 S.Ct. 1868, the United States Supreme Court held that a search of a person for weapons is permissible when a police officer has a reasonable suspicion that criminal activity is afoot or that his safety, or the safety of others, is in danger. Reasonable suspicion requires more than a hunch by the officer; rather, specific and articulable facts and circumstances must be present to authorize the intrusion of a stop andfrisk. The reasonableness of the officer's action is judged by an objective standard: whether a reasonable, prudent person in those circumstances would believe his safety, or that of others, was threatened. In judging the reasonableness of a search, a court should look at the totality of the circumstances. See State v. Smith (1978),56 Ohio St.2d 405, 409.
Looking at the facts in this case, we conclude that the search was reasonable and the trial court correctly denied Appellant's motion to suppress. Officers lawfully stopped Jones in his vehicle around 12:54 a.m. A nighttime stop is one factor to consider in determining reasonableness. State v. Bobo (1988), 37 Ohio St.3d 177, 179,certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264. Secondly, Officer Brian Harding testified that he became suspicious when he noticed that Jones' hands were shaking, and that Jones appeared very agitated. Thirdly, officers knew the area to be a high crime and high drug activity area. Fourthly, officers observed Jones entering a parking lot known for crack cocaine activity, and leaving two to four minutes later. Fifthly, there was an open container of alcohol between the female passenger's legs when the stop was initiated. Sixthly, Jones' companion had outstanding warrants for her arrest. Given the totality of these circumstances, we conclude that the officers acted reasonably when they asked Jones to step out of the vehicle and frisked him.
The doctrine of plain feel privileges an officer to remove an object from a suspect's person when, during the pat down, the object by virtue of its characteristics is immediately apparent to be contraband. SeeState v. Lee (Feb. 4, 1998), Summit App. No. 18441, unreported, appeal not allowed (1998), 82 Ohio St.3d 1412. Here, the officer felt the rock of crack cocaine in Jones' front shirt pocket and testified that it was immediately apparent to him that it was contraband. Accordingly, the officer lawfully seized the contraband from Jones.
Since police lawfully frisked Jones and lawfully removed contraband pursuant to the plain feel doctrine, Jones' argument as to whether he consented to the search is moot and need not be addressed. Jones' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT OF APPEALS VIOLATED APPELLANT'S RIGHT TO THE ASSISTANCE OF APPELLATE COUNSEL ON DIRECT APPEAL WHEN IT COMPELED [sic] COUNSEL TO REPRESENT THE APELLANT WHEN COUNSEL HAS DETERMINED THAT ANY ISSUES PRESENTED LACK MERIT.
 In his second assignment of error, Jones claims this Court erred and deprived him of competent counsel on appeal when his appellate counsel had moved to withdraw from the case pursuant to Anders v. California (1967), 386 U.S. 738. This Court summarily overrules Jones' second assignment of error based on our previous journal entries on April 6, 1999, June 1, 1999, and March 31, 2000, denying the motion and denying reconsideration. Requesting the reconsideration of this Court has a finite limit in that it can only be raised within ten days of the announcement of the Court's decision. See App.R. 26(A). Moreover, claims relating to the ineffective assistance of appellate counsel cannot be made on direct appeal. See App.R. 26(B).
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J., WHITMORE, J., CONCUR