OPINION
Defendant-appellant, Chad Wegley, appeals a decision of the Warren County Court, denying his motion to suppress evidence of field sobriety tests. We affirm the decision of the trial court.
On October 23, 2000, at approximately 3:20 a.m., Springboro Police Officer Daniel Bentley stopped appellant who was traveling northbound on State Route 741 in Springboro, Ohio. Officer Bentley had observed appellant drift into a left-turn lane, pass straight through the intersection, then drift back into the left-hand lane of northbound traffic. Appellant again veered left of the marked lane, and when recovering, crossed into the right-hand lane, where another vehicle was traveling, requiring that vehicle to slow suddenly. Officer Bentley then initiated the stop.
Upon approaching appellant, Officer Bentley observed that appellant's eyes were bloodshot and glassy, that appellant was speaking slowly, and that he had difficulty forming sentences. Appellant produced his driver's license upon Officer Bentley's request, removing it with some difficulty from his wallet. At this point, Officer Bentley suspected that appellant was intoxicated, and asked appellant to exit the vehicle so that he could administer field sobriety tests. As appellant stepped out of the vehicle, he steadied himself with his left hand, then fell back into the vehicle. When he did exit the car, Officer Bentley asked that he step around to the rear of the auto. Officer Bentley observed that appellant staggered as he walked and needed to steady himself against the car. After administering field sobriety tests, Officer Bentley Mirandized
appellant and placed him under arrest for driving while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1).
On February 9, 2001, appellant filed a motion to suppress the results of the field sobriety tests. After a hearing on the matter, the trial court denied the motion to suppress. Appellant pled no contest to the charges, was found guilty, and was sentenced accordingly. He appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THERE WAS REASONABLE AND ARTICULABLE SUSPICION TO JUSTIFY THE ADMINISTRATION OF FIELD SOBRIETY TESTS ON THE APPELLANT.
When ruling on a motion to suppress, the trial court, which is in the best position to evaluate the credibility of witnesses and resolve questions of fact, assumes the role of trier of fact. State v. Clay
(1973), 34 Ohio St.2d 250, 251. When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford
(1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard.Id.
We first note that the initial traffic stop was proper. Where a police officer stops a vehicle "based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution[.]" Daytonv. Erickson (1996), 76 Ohio St.3d 3, syllabus. Officer Bentley stopped appellant for failing to drive within marked lanes. Accordingly, we find that Officer Bentley was justified in executing the traffic stop.
However, appellant asserts that Officer Bentley was not presented with articulable facts that justified conducting field sobriety tests. When a proper stop has taken place, a police officer must have a reasonable suspicion of criminal activity, such as intoxication, to support administering field sobriety tests. Columbus v. Anderson (1991),74 Ohio App.3d 768, 770. Only when there are no articulable facts which give rise to a suspicion of illegal activity does continued detention to conduct a search constitute an illegal seizure. State v. Robinette
(1997), 80 Ohio St.3d 234, 240. In determining whether there are articulable facts to support a reasonable suspicion justifying a continued detention, the court must look to the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. In general, the usual physical characteristics of alcohol consumption, such as the odor of alcohol, bloodshot eyes, flushed face, and slurred speech are sufficient to give rise to a reasonable suspicion of intoxication. State v. Finch (1985), 24 Ohio App.3d 38, 40. Other factors, such as the time of the stop, indicia of erratic driving before the stop, and evidence of the suspect's diminished coordination may also be considered. See State v. Herman (Aug. 21, 1995), Warren App. No. CA95-02-014, unreported.
In the instant case, Officer Bentley was justified in conducting the field sobriety tests. He stopped appellant for a clear traffic violation. Upon approaching appellant, Officer Bentley noticed that appellant had bloodshot and glassy eyes. Appellant was speaking slowly, had trouble forming sentences and found it difficult to remove his driver's license from his wallet. Officer Bentley was presented with articulable facts which justified a reasonable suspicion that appellant was driving under the influence of alcohol. Therefore, we find that Officer Bentley had a reasonable and articulable suspicion to administer field sobriety tests. The assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.