OPINION
Defendant-appellant, Andre Bell, appeals the decision of the Preble County Court of Common Pleas to deny a motion to suppress evidence obtained during a traffic stop of his vehicle. We affirm the decision of the trial court.
On November 12, 2000, Trooper Chris Coverstone stopped appellant's vehicle at 9:32 a.m. as he drove on Interstate 70. Trooper Coverstone stopped appellant because appellant was following the vehicle in front of him too closely. Trooper Coverstone approached appellant's vehicle and asked appellant for his driver's license and additional paperwork since the vehicle was a rental car. Appellant produced an Illinois driver's license and an expired rental agreement. Trooper Coverstone asked appellant if he would like to come with him to the cruiser while his license was checked. Appellant consented and was placed in the back seat of Trooper Coverstone's cruiser.
In the cruiser, Trooper Coverstone asked appellant his destination and how long he planned to stay there. Appellant replied he was traveling to Columbus to visit his mother and was planning on staying a few days. When asked, appellant could not tell Trooper Coverstone where his mother's house was located in Columbus. Trooper Coverstone then walked back to appellant's vehicle and asked the same questions to the passenger, appellant's wife. She replied that they were going to Columbus to visit aunts and uncles and were staying for only one day. Trooper Coverstone then asked appellant's wife how long they had been married, and she replied two years. When Trooper Coverstone returned to the cruiser and asked appellant the same question, appellant replied he and his wife had been married for four years.
Based upon the inconsistencies in their responses and the nervous condition of appellant and his wife, Trooper Coverstone requested a drug-sniffing dog to "walkaround" the vehicle. This request occurred four minutes into the traffic stop at 9:36 a.m. Three minutes later the drug-sniffing dog arrived. During the "walkaround," the dog alerted to the left rear trunk area of the vehicle. After the dog alerted to the trunk area of the vehicle, Trooper Darren Fussner, the dog's handler, with the assistance of another trooper, asked appellant's wife to step out of the vehicle. Trooper Fussner then opened the trunk of appellant's vehicle with either the key or the trunk lock button in the vehicle. At 9:46 a.m., fourteen minutes into the stop, Trooper Fussner found fifty-two pounds of cocaine in a duffel bag inside the trunk.
Appellant was cited for following too closely and charged with one count of possession of cocaine. Appellant moved to suppress the cocaine, challenging the stop of his vehicle and subsequent arrest. On February 7, 2001, the trial court denied the motion to suppress. Pursuant to plea negotiations, appellant entered a no contest plea to possession of cocaine. This appeal follows in which appellant raises a single assignment of error:
 The trial court erred in violation of the Fourth Amendment when it failed to grant appellant's motion to suppress.
When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v. Fanning (1982),1 Ohio St.3d 19, 20. In reviewing the decision of a trial court on a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed,69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and "without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard." State v. Anderson (1995), 100 Ohio App.3d 688,691.
Appellant argues that the trial court erred when it failed to grant his motion to suppress because "the trooper failed to articulate a reasonable suspicion for stopping the car." The touchstone of analysis under theFourth Amendment is always "the reasonableness in all the circumstances of a particular governmental invasion of a citizen's personal security."State v. Lozada (2001), 92 Ohio St.3d 74, 78.
The basis for a noninvestigatory traffic stop has been succinctly stated by the Supreme Court of Ohio: "Where a police officer stops a vehicle based upon probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop * * *." Dayton v. Erickson (1996),76 Ohio St.3d 3, syllabus.
In pertinent part R.C. 4511.34 states: "The operator of a motor vehicle * * * shall not follow another vehicle * * * more closely than is reasonable and prudent, having due regard for the speed of such vehicle * * * and the traffic upon and the condition of the roadway."
Trooper Coverstone testified that he saw appellant following the vehicle in front of him by "two and a half to three car lengths." Trooper Coverstone testified that in his experience, the customary standard used to determine a reasonable and prudent distance between vehicles is normally "one car length for every ten miles per hour" the vehicles are traveling. Trooper Coverstone testified the vehicles were travelling at sixty-five m.p.h. Therefore, a reasonable and prudent distance between the vehicles would have been more than six car lengths. Based upon his observations, Trooper Coverstone had probable cause to believe that a traffic violation of R.C. 4511.34 was occurring. Consequently, the stop was not unreasonable under the Fourth Amendment.
Appellant argues that this case is analogous to cases holding that crossing the marked lanes of the roadway will not necessarily be the basis for a reasonable stop. This court has held that even a de minimus
traffic violation provides probable cause for a traffic stop, and that any cases to the contrary were effectively overruled by the Ohio Supreme Court in State v. Wilhelm (1998), 81 Ohio St.3d 444, and Erickson,76 Ohio St.3d 3. See State v. Metha (Sept. 4, 2001), Butler App. No. CA2000-11-232, unreported, at 5. Therefore, following a vehicle too closely in violation of R.C. 4511.34 is a reasonable basis for a traffic stop.
Appellant argues that the cocaine should have been suppressed because the trooper prolonged the detention longer than was necessary to effectuate the purpose of the stop. Appellant contends that there was no need for the trooper to ask questions of both the driver and the passenger on such a simple traffic stop. Appellant also maintains the trooper detained him longer than was necessary to issue a ticket for the traffic violation because of perceived discrepancies in what appellant and his wife told the trooper.
The routine questioning of a driver and passenger constitutes a minimal intrusion. So long as the traffic stop is valid, "any questioning which occurs during the detention, even if unrelated to the scope of the detention, is valid so long as the questioning does not improperly extend the duration of the detention." State v. Chagaris (1995),107 Ohio App.3d 551, 556-557. See, also, Berkemer v. McCarty (1984),468 U.S. 420, 437, 104 S.Ct. 3138, 3149. Trooper Coverstone testified that the usual duration of a traffic stop is fifteen to twenty minutes. In determining whether appellant was detained longer than necessary the court must evaluate the duration of the stop in light of the totality of the circumstances. See State v. Cook (1992), 65 Ohio St.3d 516, 521-522
(fifteen-minute detention found reasonable); United States v. Sharpe
(1985), 470 U.S. 675, 686-687, 105 S.Ct. 1568, 1575-1576 (twenty-minute detention found reasonable).
Trooper Coverstone testified that the drug-sniffing dog was requested four minutes into the stop. The dog was walking around appellant's vehicle within seven minutes of the stop. The cocaine was found in the trunk, once the drug-sniffing dog alerted, fourteen minutes after the stop. During the stop Trooper Coverstone requested information from dispatch. Trooper Coverstone inquired about the validity of appellant's out-of-state driver's license, whether there were any warrants for appellant, and whether the rental agreement for the vehicle was valid since the expiration date had passed. This information was not received from dispatch until after the drug-sniffing dog alerted to drugs in the vehicle. Appellant was issued a citation for following too closely once dispatch informed Trooper Coverstone that appellant's Illinois driver's license and rental agreement were valid. Therefore, in light of the totality of the circumstances, Trooper Coverstone did not prolong the detention any longer than necessary to effectuate the purpose of the stop, to cite appellant for the traffic violation.
Appellant argues that any discrepancies between his statements were too insignificant to justify prolonging the detention. The stop was based upon the traffic violation and was not longer than necessary to effectuate the purpose of the stop. Therefore, the stop was not prolonged based on discrepancies in appellant's statements.
Appellant argues that the Ohio Constitution, as interpreted by Statev. Brown (1992), 63 Ohio St.3d 349, holds that police officers may not search a vehicle incident to an arrest when the arrestee is unable to reach into the car for a weapon or other contraband within his accessible area. Appellant maintains that since he was placed in the rear seat of the cruiser he was in custody and therefore the search was incident to an arrest. Appellant contends that since he was unable to reach into the car for a weapon or contraband, the warrantless search was not justifiable under Brown. The facts of this case are clearly distinguishable from those of Brown. To begin with, appellant was not arrested until after the search was conducted. In Brown, the driver of the vehicle was arrested before the search was conducted. The court in Brown also stated that the search was unreasonable because the officer "did not have probable cause to believe that the car contained drugs prior to the search." In this case, the troopers had probable cause to believe that the car contained drugs.
An alert for drugs by a drug-sniffing dog is sufficient probable cause to justify the search of a vehicle. State v. French (1995),104 Ohio App.3d 740, 749. Furthermore, the use of a dog to sniff the exterior of a vehicle that is lawfully detained does not constitute a search that violates the Fourth Amendment. State v. Riley (1993),88 Ohio App.3d 468, 475, citing United States v. Rodriguez-Morales
(C.A.1, 1991), 929 F.2d 780. See, also, United States v. Place (1983),462 U.S. 696, 707, 103 S.Ct. 2637, 2644-2645, State v. Palicki (1994),97 Ohio App.3d 175, 180. Therefore, the search of appellant's vehicle was based on the troopers' probable cause to believe that drugs would be found in the vehicle once the drug-sniffing dog alerted to the trunk area, and it was not a search incident to arrest.
Police may search a lawfully stopped vehicle without a warrant if their search is supported by probable cause. California v. Acevendo (1991),500 U.S. 577, 579, 111 S.Ct. 1982, 1991. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. United States v. Ross (1982), 456 U.S. 798, 825,102 S.Ct. 2157, 2173.
Consequently, we find competent, credible evidence in the record to support the trial court's findings that the troopers did not violate appellant's Fourth Amendment rights. The motion to suppress was properly denied. Therefore, the assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.